Opinion by
Mr. Justice Moore.
The parties will be referred to as they appeared in the trial court where plaintiff in error was plaintiff and defendant in error was defendant.
The plaintiff alleged that she suffered personal injuries in an automobile accident which took place at an intersection of streets in Sugar City, Crowley county, Colorado, and that the negligence of the defendant caused the accident.
The defendant denied that the automobile collision was caused by his negligence and affirmatively alleged that the negligence of the plaintiff was solely responsible for the accident, or that it substantially and materially contributed to it; and further, that the plaintiff at the time of the mishap was violating a traffic ordinance of the town of Sugar City. The issues were tried to a jury which returned a verdict in favor of the defendant, upon which the trial court entered judgment.
On writ of error in this court the plaintiff seeks reversal of the judgment and her counsel argues that the trial court erred in submitting to the jury an instruction on contributory negligence; that his motion for directed verdict on the issue of liability was erroneously denied; and that the court erred in giving Instruction No. 6 to which reference will be made hereafter.
The accident took place at the intersection of Colorado street, which runs north-south, and Adams avenue which runs east-west through Sugar City. The “blinker light” at the intersection was not functioning. The plaintiff was driving south on Colorado street and the defendant was travelling west on Adams avenue. A person moving in a westerly direction on Adams avenue toward Colorado street would be travelling on State Highway 96 *337 which makes a right turn north at the intersection of Colorado street. However, Adams avenue is not dead-end at this intersection. The plaintiff was driving south on Colorado street and apparently assumed that the defendant would follow the highway and make a right turn, leaving her free to go straight across Adams. This the defendant did not do and the impact of the cars resultantly occurred.
This is a case in which this court would be required to uphold a finding of fact by the jury without regard to whether the verdict was in favor of the defendant or in favor of the plaintiff. We have read the record and find that either verdict would find sufficient support in the evidence to require affirmance on review. The court properly denied the motions for directed verdicts which were made by each of the parties at the conclusion of the evidence.
Instruction No. 6 which the trial court gave to the jury related to the state law governing the right-of-way at intersections. It is sufficient to say that no objection was made by counsel for the plaintiff to the giving of this instruction, and no instruction was tendered on behalf of the plaintiff which the trial court refused to give. If Instruction No. 6 was not framed in words sufficiently clear to be correctly applied by the jury, it was the responsibility of counsel for the plaintiff to direct attention to the faulty language and obtain a correction thereof. He cannot consent to the giving of an instruction and thereafter complain that it failed to properly define the law applicable to evidence admitted upon the trial. In Boynton v. Fox Denver Theaters, Inc., 121 Colo. 227, 214 P.2d 793, we find the following pertinent language:
“* * * No objection was made to the instruction * * * and, under Rule 51, R.C.P. Colo., plaintiffs cannot prevail upon the ground of error in an instruction to which they made no objection upon the trial. Thompson v. Davis, 117 Colo. 82, 184 P.(2d) 133. * * *”
*338 We recognize that this rule is not inexorable, and that there are exceptional cases in which this court, on its own motion may notice manifest error in an instruction which very clearly resulted in prejudice to a litigant, although no objection was made thereto upon the trial. Kendall v. Hargrave, 142 Colo. 120, 349 P.2d 993. The instant case, however, does not present such a situation.
The judgment is affirmed.
Mr. Justice Day and Mr. Justice McWilliams concur.