553 P.2d 835 (1976)
George P. KINARD, Plaintiff-Appellee,
v.
The COATS COMPANY, INC., Defendant-Appellant.
No. 74-534.
Colorado Court of Appeals, Div. III.
May 13, 1976.
Rehearing Denied June 10, 1976.
Certiorari Denied September 7, 1976.
*836 Walter L. Gerash, P.C., Walter L. Gerash, Thomas Frank, Denver, for plaintiff-appellee.
Sheldon, Bayer, McLean & Glasman, George M. Allen, Richard C. McLean, Gary Palumbo, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
In an action for personal injuries suffered in an accident involving a hydraulic bumper jack manufactured by The Coats Company (Coats), defendant appeals from the judgment entered on a jury verdict in favor of plaintiff, George Kinard. We affirm.
Kinard, the operator of a Gulf service station, was injured while effecting the repair of an automobile exhaust system using the Coats jack in conjunction with a hydraulic floor hoist. The vehicle was already suspended on the floor hoist when Kinard attempted to utilize the Coats jack to lift the vehicle a little higher. When he did so, the Coats jack suddenly propelled the vehicle upwards, knocking it off the floor hoist and onto Kinard, causing severe injury. As a consequence of the accident, Kinard sued Coats, Merrill Axle and Wheel Service (Merrill), which had recently repaired the jack, and Gulf Oil Corporation (Gulf), which had sold it to Kinard, seeking recovery under theories of negligence, breach of warranty, and products liability, premised on alleged defects in manufacture, *837 design, or repair of the jack. During Kinard's presentation of his case-in-chief, settlements were reached with regard to defendants Merrill and Gulf, such that the case was submitted to the jury only as to defendant Coats, and only on the basis of breach of warranty and products liability.

I.
The defendant's principal argument on appeal is that the concept of comparative negligence as embodied in § 13-21-111, C.R.S.1973, should be applied in products liability cases under Restatement (Second) of Torts § 402A. The evidence asserted as demonstrating contributory fault was testimony to the effect that Kinard, who held a degree in engineering, gave the jack several bursts of air without effect prior to the sudden propulsion of the jack upward.
Although some other jurisdictions have chosen to apply comparative negligence to products liability cases, see Dippel v. Sciano, 37 Wis.2d 443, 155 N.W.2d 55, in our view the better-reasoned position is that comparative negligence has no application to products liability actions under § 402A.
Products liability under § 402A does not rest upon negligence principles, but rather is premised on the concept of enterprise liability for casting a defective product into the stream of commerce. Hiigel v. General Motors Corp., Colo., 544 P.2d 983. See also Klemme, The Enterprise Liability Theory of Torts, 47 U.Colo.LRev. 153; Traynor, The Ways and Meanings of Defective Products and Strict Liability, 32 Tenn.L.Rev. 363. Thus, the focus is upon the nature of the product, and the consumer's reasonable expectations with regard to that product, rather than on the conduct either of the manufacturer or of the person injured because of the product. Hiigel v. General Motors Corp., supra; Bradford v. Bendix-Westinghouse Automotive Air Brake Co., 33 Colo.App. 99, 517 P.2d 406. What defendant proposes here is that we inject negligence concepts into an area of liability which rests on totally different policy considerations. We rejected a similar suggestion in Bradford. See also Hensley v. Sherman Car Wash Equipment Co., 33 Colo.App. 279, 520 P.2d 146.
This is not to say that no defenses are available to the manufacturer in products liability cases. For example, it is well established that the defect in manufacture or design must have proximately caused the injury. In that regard, we have indicated that misuse by the injured party not reasonably anticipated by the manufacturer can be utilized as a defense by way of showing that the conduct of the user, and not the alleged defect in the product, actually caused the accident. Bradford v. Bendix-Westinghouse Automotive Air Brake Co., supra; Restatement (Second) of Torts § 402A, comment h. See also Prosser, The Fall of the Citadel (Strict Liability to the Consumer), 50 Minn. L.Rev. 791. Further, where defendant can show that the injured user voluntarily and unreasonably proceeded to encounter a known danger arising from the defect, recovery under § 402A may be barred. Hiigel v. General Motors Corp., supra; Hensley v. Sherman Car Wash Equipment Co., supra; Restatement (Second) of Torts § 402A, comment n. Those defenses are available to the manufacturer even where it is established that the product was sold in a defective condition unreasonably dangerous to the user, as the jury found in this case.
Here, the jury considered the conduct of Kinard with respect to these defenses, and determined that no action on Kinard's part rose to the level of causative misuse or voluntary and unreasonable use in light of known danger. Since the focus in products liability cases is on whether a defective product caused a particular injury, and not on conduct, the analysis of the user's acts in the context of the established *838 defenses is entirely appropriate. However, the jury's consideration of allegedly negligent conduct merely in the sense of "comparative fault," as is urged by defendant is not. Kirkland v. General Motors Corp., 521 P.2d 1353 (Okl.). See also Findlay v. Copeland Lumber Co., 265 Or. 300, 509 P.2d 28; Shields v. Morton Chemical Co., 95 Idaho 674, 518 P.2d 857.

II.
Coats also argues that the trial court committed prejudicial error in failing to inform the jury as to the circumstances which led to the departure from the courtroom of attorneys for Gulf and Merrill in the midst of trial and in the presence of the jury. Coats contends that this unexplained activity was an act of theatrical dramatics which focused on and over-emphasized the issue of Coats' responsibility for the condition of the bumper jack. Our review of the record, however, reveals that since subsequent trial tactics engaged in by Coats' counsel turned the incident very much to the advantage of Coats, there is little likelihood that any prejudice to Coats resulted.
The trial court was in the best position to determine whether the departure of counsel had any deleterious impact on the jury that would warrant a cautionary instruction. See Lee v. People, 170 Colo. 268, 460 P.2d 796. These matters lie within the discretion of the trial court and we see no abuse of that discretion here. Felt v. Cleghorn, 2 Colo.App. 4, 29 P. 813; see also San Miguel Consolidated Gold Mining Co. v. Bonner, 33 Colo. 207, 79 P. 1025. Our view is strengthened by the fact that here complaining counsel tendered no instruction at trial to fill the alleged insufficiency in the instructions. Jackson v. Trainor, 106 Colo. 549, 104 P.2d 606.

III.
Coats' final allegation of error is that an instruction on express warranty was both erroneous in content and unjustified by the evidence. We reject these arguments.
By inadvertence, a phrase pertaining to whether an affirmation of value was a warranty was omitted from the instruction given the jury, which instruction was based on § 4-2-313, C.R.S.1973. Further, the word "sale" was substituted for the word "bargain" in accordance with Colo.J.I. 14:7. However, neither the omitted phrase nor the use of the word "sale" had any relevance to the issues in this case so as to affect the outcome of the trial. Cf. Hoggard v. General Rose Memorial Hospital Ass'n., 160 Colo. 459, 420 P.2d 144. Hence, no reversible error occurred.
Furthermore, if the instruction was unclear or unsuitable, it was incumbent upon Coats to direct the trial court's attention to the faulty instruction in order to obtain a correction of it. This it did not do. A party may not consent to the submission of an instruction, and thereafter complain, upon appeal, that the instruction failed to set forth applicable law. Phillips v. Komornic, 159 Colo. 335, 411 P.2d 238.
Also, we find no merit to Coats' contention that the evidence did not support submission of an instruction on express warranty. Evidence pertaining to a Coats brochure which was considered by Kinard in connection with the purchase of the jack was sufficient to warrant submission of an instruction on express warranty to the jury. See § 4-2-313, C.R.S. 1973. See also Duncan v. Board of County Commissioners, 154 Colo. 447, 391 P.2d 368.
Judgment affirmed.
SILVERSTEIN, C. J., and BERMAN, J., concur.