553 P.2d 844 (1976)
Francis L. CULP, Jr., and Martha Culp, Plaintiffs-Appellees,
v.
REXNORD AND BOOTH-ROUSE EQUIPMENT CO., Defendants-Appellants.
No. 75-631.
Colorado Court of Appeals, Div. III.
May 13, 1976.
Rehearing Denied June 10, 1976.
Certiorari Denied September 7, 1976.
Pferdsteller, Vondy, Horton & Worth, P.C., Anthony L. Worth, Denver, for plaintiffs-appellees.
Sheldon, Bayer, McLean & Glasman, P. C., George M. Allen, Gary Palumbo, Denver, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
In an action for personal injuries allegedly suffered in an accident involving a concrete mixer manufactured by defendant, Rexnord, judgment was entered for plaintiff, Francis Culp, and defendant appeals. We affirm.
*845 We heard this case in conjunction with Kinard v. Coats, Colo.App., 553 P.2d 835, announced this day. Rexnord's first contention is that the concept of comparative negligence as embodied in § 13-21-111, C. R.S.1973, should have been applied in this products liability action. That argument was rejected in Kinard, and we need not consider it in further detail here.
Rexnord also argues, however, that, as distinguished from Kinard, here the trial court erred in refusing to submit an instruction based on the asserted defense that Culp voluntarily and unreasonably proceeded to encounter a known danger in his utilization of the Rexnord concrete mixer. See COLO. J. I. 14:7. We find no error in the refusal of the instruction.
Culp was injured when, while standing on the side of the mixer and striking it with a hammer to loosen accumulated debris, in accordance with standard procedure for the necessary cleaning of this machinery, he lost his footing and fell towards the moving drum. His arm then became caught between the drum and the stationary hopper, causing him severe injury. Culp's allegation pertaining to the Rexnord mixer was that, due to various defects in the design of the mixer, the product was unreasonably dangerous to users in that there was a failure to provide necessary safeguards to prevent the occurrence of such accidents. Recovery was sought under Restatement (Second) of Torts § 402A.
There was no evidence that Culp had knowledge of the specific dangers arising out of the precise defects asserted, or that he voluntarily and unreasonably proceeded to encounter those dangers despite his awareness of the defects. See Restatement (Second) of Torts § 402A, comment n. See also Hensley v. Sherman Car Wash Equipment Co., 33 Colo.App. 279, 520 P.2d 146. The only testimony pertaining to Culp's knowledge regarding any dangers presented by the mixer was his admission of his awareness that working around heavy machinery posed some degree of danger to him, and that he was aware that if part of his body got caught in the moving parts of the machinery, injury was likely. This testimony was insufficient to warrant the submission of the requested instruction. General knowledge of this sort will not bar an injured user of a defective product on the grounds of voluntary encountering of a known danger arising from the defect. See Hiigel v. General Motors Corp., Colo., 544 P.2d 983. Rather, the evidence must show that the plaintiff had actual knowledge of the specific danger posed by the defect in manufacture or design, and not just a general knowledge that the machinery could be dangerous. Hiigel v. General Motors Corp., supra. Thus, the trial court properly refused to submit the tendered instruction.
Judgment affirmed.
SILVERSTEIN, C. J., and BERMAN, J., concur.