Cornelius NELSON, Plaintiff-Appellant,

v.

CATERPILLAR TRACTOR COMPANY, a California corporation, and Towmotor Corporation, an Ohio corporation, Defendants-Appellees.

No. 82CA0275.

Colorado Court of Appeals, Div. III.

Aug. 16, 1984.

Rehearing Denied Sept. 6, 1984.

Certiorari Denied Jan. 14, 1985.

Zarlengo, Mott & Zarlengo, Albert E. Zarlengo, Jr., Denver, for plaintiff-appellant.

Holland & Hart, Harry L. Hobson, William W. Maywhort, Denver, for defendants-appellees.

METZGER, Judge.

Plaintiff, Cornelius Nelson, appeals from an adverse judgment in this products liability case, contending that the trial court erred in instructing the jury on the defenses of assumption of risk and misuse and in refusing several of his tendered instructions. We affirm.

Nelson was injured at a Denver area chemical plant while operating a forklift manufactured by defendant Towmotor Tractor Co., a wholly owned subsidiary of Caterpillar Tractor Co. Nelson was using the forklift to empty 55-gallon drums of chemical sludge into 8-foot high vats by means of a special attachment to the forks which made it possible to grasp and invert the drums over the vats.

The forks on the lift were raised and lowered by two vertical chains supported at the top by two grooved pulley wheels, or sheaves. A small chain guard was mounted above each sheave to keep the chain from escaping from the groove. A red safety decal was displayed on a horizontal bar between the driver and lift mechanism.

There was evidence that the sludge frequently was too viscous to flow freely from the drums, and that to dislodge the sludge forklift operators commonly knocked the drums against the sides of the vats or shook the drums by rapidly moving the lift control lever back and forth. The evidence was conflicting as to whether Nelson had been shaking or knocking any drums on the night of the accident.

The accident occurred after Nelson, working with a newly hired assistant, had finished emptying a drum. As Nelson was backing away from the vat and lowering the forks, the forks suddenly stopped when one of the chains became jammed between the raised edge of the sheave and the chainguard. Nelson stopped the forklift, stood up from the driver's seat, reached across the horizontal bar, and struck the chain with his fist. One of Nelson's fingers was caught as the chain fell back into the groove. Nelson shouted to his assistant to raise the forks to release his finger, but in confusion the assistant moved the lift control lever in the wrong direction, resulting in severe injury to Nelson's hand.

Nelson brought suit in strict liability alleging that the forklift was defective in that: (1) the channel in the sheave was too shallow and the chainguard too short, making the chain dangerously prone to slip out of the channel; (2) the symbols on the lift control lever were dangerously confusing; and (3) there were inadequate warnings of the dangers posed by the forklift. At the conclusion of trial, the jury entered a general verdict for defendants.

## I.

On appeal, Nelson first contends that the trial court erred in instructing the jury on the affirmative defenses of assumption of risk and misuse of the product. We disagree.

■ In general, a party is entitled to an instruction on a legal theory when it is supported by some competent evidence. *Federal Insurance Co. v. Public Service Co.*, 194 Colo. 107, 570 P.2d 239 (1977).

### A.

■ The defense of assumption of risk is defined in strict liability cases as voluntarily and unreasonably proceeding to encounter a known danger. *Jackson v. Harsco Corp.*, 673 P.2d 363 (Colo.1983); *see Restatement (Second) of Torts* 402A comment n (1965). For such defense to be applicable, the plaintiff must have had actual knowledge of the specific danger posed by the defect, and not just a general knowledge that the product could be dangerous. *Jackson v. Harsco, supra; Culp v. Rexnord & Booth-Rouse Equipment Co.*, 38 Colo.App. 1, 553 P.2d 844 (1976).

Nelson contends that there was no evidence that he was aware of the forklift's alleged design defect, and that the requirement of actual knowledge was therefore not satisfied. However, the specific danger posed by the alleged design defect was the danger of injury resulting from slippage of the chain from its channel. Contrary to Nelson's contention, an understanding of the design features giving rise to such slippage was not necessary for an appreciation of the danger posed by the chain after it had slipped.

There was evidence that Nelson had extensive experience in industrial safety, had been instructed by his supervisor never to place his hands near the chain mechanism, and was aware of the warning decal on the horizontal bar between the driver and the lift mechanism. This was sufficient evidence that Nelson was aware of the danger posed by the slipped chain to support the instruction on assumption of risk.

### B.

Nelson contends also that there was insufficient evidence to support the misuse instruction. Again, we disagree.

A manufacturer is not legally responsible for injuries which result from use of the product in a manner other than that which was intended and which could not reasonably have been anticipated by the manufacturer. *Jackson v. Harsco Corp., supra; Kinard v. Coats Co.,* 37 Colo.App. 555, 553 P.2d 835 (1976); *Colo.J.I.* 14:22 (2d ed. 1980). The defense is applicable where the plaintiff is injured as a result of disregarding the manufacturer's instructions. *See* 6 *W. Prosser, Torts* § 102 (4th ed. 1971).

Here, there was evidence that plaintiff had been provided with an operator's manual which instructed forklift users to raise and lower loads "smoothly and slowly." There was also evidence that forklift operators commonly shook or knocked drums against the sides of the vats, and there was conflicting testimony concerning whether Nelson shook or knocked drums on the night of the accident. Resolution of this conflicting evidence was for the jury. *Romero v. Denver & Rio Grande Western Ry. Co.,* 183 Colo. 32, 514 P.2d 626 (1973). Accordingly, sufficient evidence of misuse existed to warrant giving the contested instruction.

### II.

Nelson's contention that the trial court erred in refusing his tendered instructions is without merit.

Nelson first asserts that the court erred in refusing his instruction that a hazard may be unreasonably dangerous even though open and obvious. However, there is nothing in the record to indicate that defendants advanced the "open and obvious" nature of the hazard as a defense.

The substance of Nelson's second and third tendered instructions was adequately covered by the instructions given, and they were, therefore, properly refused. *Montgomery Ward & Co. v. Kerns,* 172 Colo. 59, 470 P.2d 34 (1970).

Judgment affirmed.

VAN CISE and STERNBERG, JJ., concur.