Sally **LITTLEJOHN, as Personal Representative of the Estate of Kenneth Littlejohn, deceased, Plaintiff-Appellant,**

v.

**STANLEY STRUCTURES, INC., a Delaware corporation, doing business in the State of Colorado under the trade name of Prestressed Concrete of Colorado, Inc., Defendant-Appellee.**

No. 82CA0210.

Colorado Court of Appeals, Div. III.

Aug. 23, 1984.

Richard H. Cairns, P.C., Richard H. Cairns, Denver, for plaintiff-appellant.

Long & Jaudon, P.C., David Higgins, Denver, for defendant-appellee.

METZGER, Judge.

In this strict liability action, plaintiff, Sally Littlejohn (by substitution on the death of Kenneth Littlejohn), appeals from a judgment entered on a jury verdict in favor of defendant, Stanley Structures, Inc., contending that the trial court erred with respect to two jury instructions and an evidentiary ruling. We affirm.

The evidence was for the most part undisputed. On October 17, 1975, Kenneth Littlejohn was employed as a hod carrier by a masonry subcontractor engaged in the construction of a Thornton junior high school. The floor of the second story of the unfinished structure consisted of a number of pre-stressed concrete panels manufactured and installed by defendant, another subcontractor, according to specifications and plans provided by the general contractor and architects of the project. The panels had been cast with various large holes to accommodate the air ducts and stairwells which were to be installed at a later stage of construction. During the earlier stages of construction the holes were covered by unfastened rectangular plywood boards provided by the general contractor.

Littlejohn was injured when he mistook a board covering a hole for a mortar board. After picking up the board he fell through the hole, sustaining serious injuries.

The case was tried exclusively on a strict liability theory based on the contention that the panels were defective and unreasonably dangerous because they lacked safety coverings over the holes. The trial court granted Littlejohn's *in limine* motion to exclude documentary evidence tending to establish that persons other than defendant were contractually obligated to insure safe working conditions on the panels. However, the court allowed testimony, over Littlejohn's objection, that the design specifications of the panels supplied by the project architect had not called for safety covers. At the conclusion of trial, the jury entered a general verdict for defendant.

### I.

On appeal, plaintiff first contends that the trial court erred in permitting testimony that the design specifications of the panels failed to provide for safety covers. We disagree.

■ In *Hiigel v. General Motors Corp.*, 190 Colo. 57, 544 P.2d 983 (1975) our Supreme Court adopted *Restatement (Second) of Torts* § 402A (1965), which states:

1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

   (a) the seller is engaged in the business of selling such a product, and

   (b) it is expected to and does reach the ultimate consumer without substantial change in the condition in which it is sold ...."

A product is defective when, because of its manufacture, it is not reasonably fit for the ordinary purposes for which such products are intended or may reasonably be expected to be used. *Hiigel v. General Motors Corp., supra; Colo. J.I.* 14:19 (2d ed. 1980) (1983 Supp.); *see Restatement (Second) of Torts* § 402A comment g (1965); 2 *L. Frumer & M. Friedman, Products Liability* § 16A[4][f][i] (1984).

■ Evidence that a manufacturer reasonably expected another party to remedy the unreasonably dangerous condition of the product is irrelevant to the manufacturer's strict liability for the defect. *Union Supply Co. v. Pust*, 196 Colo. 162, 583 P.2d 276 (1978). However, evidence that a product complies with the design and manufacturing specifications of the purchaser may be relevant to the issue whether the product is fit for the purpose for which it was intended. *See Union Supply Co. v. Pust, supra* (evidence of compliance with

industry safety standards relevant to issue of defectiveness). Accordingly, evidence admitted at trial that the design specifications did not call for safety covers was relevant to the issue whether the panels were defective, and admission of such evidence was not error.

## II.

Plaintiff contends next that the trial court erred in refusing to give an instruction that: "A manufacturer of a product has a nondelegable duty to produce a product which is not defective and unreasonably dangerous to a person who might reasonably be expected to use it." We disagree.

The form of the instructions given at trial is within the discretion of the trial court, *Diversified Management, Inc. v. Denver Post, Inc.*, 653 P.2d 1103 (Colo. 1982), and it is not error for the trial court to refuse an instruction, even if correct in legal effect, if the other instructions given adequately inform the jury of the applicable law. *Montgomery Ward & Co. v. Kerns*, 172 Colo. 59, 470 P.2d 34 (1970).

Here, the instructions given to the jury constituted a complete and accurate expression of the elements which must be proved in order to establish a strict liability claim against defendant. *See Hiigel v. General Motors Corp., supra; Colo J.I.* 14:18 (2d ed. 1980) (1983 Supp.). The trial court therefore acted within its discretion in excluding the tendered instruction.

## III.

Plaintiff's final contention is that the trial court erred in instructing the jury on the affirmative defense of assumption of risk. Plaintiff argues that there was insufficient evidence to support the instruction. Again, we disagree.

In strict liability cases, assumption of risk is defined as voluntarily and unreasonably proceeding to encounter a known danger. *Jackson v. Harsco Corp.*, 673 P.2d 363 (Colo.1983); *see Restatement (Second) of Torts* § 402A comment n (1965). The defendant must establish that

the plaintiff had actual knowledge of the specific danger posed by the defect, and not just a general knowledge that the product could be dangerous. *Jackson v. Harsco Corp., supra; Culp v. Rexnord & Booth-Rouse Equipment Co.*, 38 Colo.App. 1, 553 P.2d 844 (1976).

Here, the specific danger posed by the absence of safety covers on the panel holes was the danger of falling through one of the holes. Littlejohn testified at trial that he was aware of holes in the panels and knew that the holes were covered with unfastened plywood boards. Moreover, there was other evidence that Littlejohn had been cautioned as to the danger posed by the holes. This evidence was sufficient to support the instruction.

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.