Christy C. COOK, an incompetent, By and Through her next friend, Janice UITHOVEN, and Janice Uithoven, Individually, Plaintiffs–Appellees,

v.

SPINNAKER'S OF RIVERGATE, INC., and Tri–M Management, Inc., Defendants–Appellants.

Supreme Court of Tennessee, at Nashville.

Jan. 19, 1993.

Thomas Pinckney, Howell, Fisher & Branham, Nashville, for defendants-appellants.

William C. Moody, Michael M. Castellarian, Moody, Whitfield & Castellarian, Nashville, for plaintiffs-appellees.

## OPINION

DROWOTA, Justice.

We granted the Defendants' application for permission to appeal in order to determine, *inter alia,* whether the doctrine of comparative fault is applicable to this appeal. We have been asked to clarify Section VI of our opinion in *McIntyre v. Ballentine,* 833 S.W.2d 52, 58 (Tenn.1992), which concerns the transition rule. We have expedited our decision on this narrow issue by suspending the requirements of further briefing and oral argument pursuant to Rule 2, Tennessee Rules of Appellate Procedure, because similar issues have been raised in other cases presently pending before the intermediate courts.

The remaining issues on appeal are, (1) whether all motor vehicle operators are governed by an adult standard of care, regardless of age, and (2) whether a minor who injures herself while operating a motor vehicle in an intoxicated condition on a public highway is guilty of gross contributory negligence as a matter of law. These two issues will be briefed in accordance with Rule 11(f), Tennessee Rules of Appellate Procedure (with Plaintiffs filing their brief first, followed by Defendants' brief) and set for oral argument as requested by Plaintiffs.

The Plaintiff, Christy C. Cook, was severely injured in a one-car accident in Sumner County, that occurred shortly after midnight on January 19, 1991. At the time of this accident, the Plaintiff was 17 years old. She had been drinking alcoholic beverages at the Defendant's restaurant in Davidson County.

The Plaintiffs' fourth amended complaint included the following:

10. By failing to determine the age of a patron before serving alcoholic beverages and by continuing to serve alcoholic beverages to a minor, after said minor became intoxicated the defendants are guilty of negligence and gross negligence.

11. At approximately 12:30 a.m. on January 19, 1991, after leaving Spinnaker's Restaurant, the plaintiff while operating her motor vehicle as a licensed driver on a public road in Sumner County, Tennessee, was involved in a one-car accident in Sumner which was caused by her intoxication in which she suffered severe and permanent injuries including multiple compound fractures and severe brain injury.

19. The direct and proximate cause of plaintiff's injuries was the negligence and gross negligence of the defendants, by and through their agents and employees, in serving alcohol to the minor plaintiff and in continuing to serve alcohol to the minor plaintiff ... so that she lacked the judgment to determine whether or not she was competent to operate an automobile.

On March 26, 1992, the Defendants filed a motion to dismiss which stated in part:

The ground for this motion is that plaintiffs' complaint establishes that as a matter of law, Cook was contributorially negligent *per se* and guilty of gross contributory negligence. Because Cook was operating an automobile on the public highways when she was injured, she is held to an adult's standard of care. Because plaintiffs admit that Cook was driving while intoxicated when the accident occurred, Cook was guilty of contributory negligence *per se* and gross contributory negligence.

In response to this motion, the Plaintiffs did not raise an issue regarding whether the doctrine of comparative negligence, rather than contributory negligence, should apply, nor had they raised this issue previously. On April 6, 1992, the trial court entered an Order in which it granted the Defendants' motion to dismiss for failure to state a claim upon which relief could be granted. On April 14, 1992, the Plaintiffs filed their notice of appeal.

On May 4, 1992, this Court filed its opinion in *McIntyre v. Ballentine,* 833 S.W.2d 52 (Tenn.1992). As of May 4, 1992, the Plaintiffs had not raised an issue regarding the applicability of the doctrine of comparative negligence. On May 29, 1992, the Plaintiffs filed a brief with the Court of Appeals in which, for the first time, they raised the issue of the applicability of the doctrine of comparative negligence.

The Court of Appeals found that, although the trial court correctly decided this case under the law as it was at the time judgment was entered, *McIntyre* subsequently changed the law in Tennessee by adopting a system of comparative fault. The Court held that *McIntyre* had been raised at an appropriate stage when it was raised in Plaintiffs' brief filed in that Court on May 29.

### TRANSITION RULE

In *McIntyre v. Ballentine, supra,* we overruled the doctrine of contributory negligence and adopted a modified form of comparative fault. Our opinion included the following regarding the new doctrine's application to pending cases:

### VI.

The principles set forth today [May 4, 1992] apply to (1) all cases tried or retried after the date of this opinion, and (2) all cases on appeal in which the comparative fault issue *has been raised* at an appropriate stage in the litigation (Emphasis added).

833 S.W.2d 52, at 58.

In attempting to set out a rule that would deal with the transition from contributory negligence to comparative fault, it was our intent that our holding would be applicable to (1) all cases tried or retried after May 4, 1992, and (2) all cases on appeal in which the application of the comparative fault issue had been requested or asserted in the trial court, and in which the request or assertion was preserved as a ground for appeal. The phrase "at an appropriate stage in the litigation" was intended to apply to cases pending in the trial courts of this State. In the present case, the Plaintiffs did not raise the issue in response to Defendants' motion for dismissal for failure to state a claim for which relief can be granted. The Plaintiff's response to that motion would have been the "appropriate stage in the litigation" for raising this issue.

Because the Plaintiffs in this case had not, as of the date this Court's opinion in *McIntyre v. Ballentine* was released, raised the issue of the applicability of the doctrine of comparative fault, the Plaintiffs are not entitled to the application of that doctrine under the transition rule set forth in *McIntyre v. Ballentine.*

This is not a case tried or retried after May 4, 1992. The present case was dismissed on April 6, 1992. We find that the Court of Appeals misinterpreted the transition rule set forth by this Court in *McIntyre v. Ballentine.* The doctrine of comparative fault is not applicable on the appeal of this case because Plaintiffs did not raise the issue of the application of that doctrine prior to the date of this Court's opinion in *McIntyre.* However, if the case should be reversed on the other issues presented and remanded for trial, *McIntyre* will be applicable.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.