**Joseph W. ROBERTS and
Laura D. Roberts**

v.

**SEARS, ROEBUCK AND CO.**

**No. CIV-3-92-798.**

United States District Court,
E.D. Tennessee,
at Greeneville.

Oct. 27, 1993.

James L. Milligan, Jr., James L. Milligan, Jr., and Associates, Knoxville, TN, for plaintiffs.

W. Kyle Carpenter, J. Ford Little, Baker, Worthington, Crossley, Stansberry & Woolf, Knoxville, TN, for defendant.

---

## ORDER

HULL, District Judge.

This strict liability products action brought pursuant to the Tennessee Products Liability Act, Tenn.Code Ann. § 29–28–101, *et seq.*, is before the Court to consider the defendant's request that the Court charge comparative fault. Citing *McIntyre v. Ballentine*, 833 S.W.2d 52 (Tenn.1992), defendant contends that comparative fault should be charged in cases such as this where the only theory of liability before the Court is strict liability, even though contributory negligence has not been a defense to strict liability under Tennessee law.

Significantly, in the only Tennessee Supreme Court case to date which cites *McIntyre, supra,* since that opinion was entered, the Tennessee Supreme Court summarizes their holding in *McIntyre,* as follows:

> In *McIntyre v. Ballentine, supra,* we overruled the doctrine of contributory negligence and adopted a modified form of comparative fault. *Cook v. Spinnaker's of Rivergate,* 846 S.W.2d 810, 812 (Tenn.1993).

This limited holding is also acknowledged by the Court in *McKinnie v. Lundell Mfg. Co., Inc.,* 825 F.Supp. 834, 837 (W.D.Tenn.1993) in which the Court notes:

> Tennessee tort law has recently undergone substantial changes. In *McIntyre v. Ballentine,* 833 S.W.2d 52 (Tenn.1992), the Tennessee Supreme Court abandoned the traditional contributory negligence doctrine and adopted comparative fault. *Id.* at 57. Although the *McIntyre* court attempted to provide guidance to courts employing the new comparative fault standard, the court failed to resolve several issues concerning Tennessee tort law, *Id.* at 57–58 (noting that its "decision affect[ed] numerous legal principles surrounding tort litigation" and that "harmonizing these principles with comparative fault must await another day").

Taking into consideration the long line of Tennessee cases that hold that contributory negligence is not a defense to strict liability in tort, beginning with *Ellithorpe v. Ford Motor Co.,* 503 S.W.2d 516 (Tenn.1973), and in view of *McIntyre*'s limited holding, the defendant in essence asks this Court to extend Tennessee law in regard to comparative fault to include strict liability even though contributory negligence and strict liability have historically been theoretically incompatible. Although the Court in *McKinnie, supra* at 840–841 did apply comparative fault to strict liability, this Court declines to do so for the reasons set out herein.

The Court in *McKinnie, supra* at 839, notes that most courts that have addressed the issue of the applicability of comparative fault to strict liability have concluded that to incorporate "comparative fault principles in strict liability cases does not vitiate the policies underlying strict products liability." However, in *Bailey v. V & O Press Co., Inc.* 770 F.2d 601 (6th Cir.1985), the Court states:

> The fact that other jurisdictions have extended comparative negligence statutes to cover strict liability actions, while relevant, must be considered in light of the fact that a distinct minority of jurisdictions has refused to do so based on the limited language of their respective statutes and the theoretical incompatibility of strict liability actions and those based on negligence. *See Melia v. Ford Motor Co.,* 534 F.2d 795 (8th Cir.1976) (applying Nebraska law); *Kinard v. Coats Co.,* 37 Colo.App. 555, 553 P.2d 835 (1976); *Kirkland v. General Motors Corp.,* 521 P.2d 1353 (Okla.1974); *Smith v. Smith,* 278 N.W.2d 155 (S.D. 1979); *See also, Kasten, supra* at 1155–1160 (and authorities cited therein). (footnote omitted).

In *Bailey, supra* at 606–607, the Court concludes:

> Therefore, we accept the district court's refusal to extend the Ohio principles of comparative negligence to actions in strict liability. Such a position is well founded in light of the absence of any authoritative Ohio interpretations to the contrary, the Supreme Court's recognition of the theoretical distinctions of the two theories, and the limited language of the statute itself. *See Rudd–Melikian, Inc. v. Merritt,* 282 F.2d 924, 929 (6th Cir.1960) (where state law is unclear court of appeals should not reverse if district judge reached permissible conclusion); *Parham v. Hardaway,* 555

F.2d 139, 140 (6th Cir.1977) (accept district court's tenable view absent clarifying authoritative state interpretations). (footnote omitted).

In regard to Tennessee law, although there is a products liability statute, comparative fault has been solely implemented by a body of common law which consists of essentially only two Tennessee Supreme Court cases, although other Tennessee state and federal courts have utilized principles of comparative fault in various factual situations. Therefore, what other jurisdictions have concluded in regard to the interplay of a comparative fault statute with a products liability statute is dissimilar to the situation at bar. In this case, the Court has been asked to modify a large body of common law existing over many years which construes a statute, not by a modification dictated by another statute, but by extending a limited body of common law which overall does not address the issue before this Court.

Based upon the foregoing, this Court declines to extend Tennessee common law principles of comparative fault to statutory actions in strict liability due to the absence of any authoritative Tennessee interpretation to the contrary, due to the Tennessee Supreme Court's recognition of the theoretical distinction of the two theories, and due to the limited language of the holding of *McIntyre* itself.

Accordingly, defendant's request to charge comparative fault is **DENIED**.