OPINION
Plaintiff-appellant, Lisa Durnell, Administratrix of the Estate of Shirley Brown and the personal representative of the heirs and next of kin of Shirley Brown, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Raymond Corporation ("Raymond") and Storage Concepts, Inc. ("Concepts") on claims arising from the death of Shirley Brown ("Brown").
Brown was an employee of the Huffy Bicycle Company in Celina, Ohio, where she was an "order picker," a position that required her to pull parts from shelves for customers. To accomplish her task, Brown sometimes used a forklift to elevate herself twelve feet above the ground to the upper levels of the shelving that stored the parts. By standing on a platform of the forklift, she could operate the forklift and also reach the parts she needed to pull. Because of the danger associated with working at that height, a safety belt was attached to the forklift; employees were required to wear the belt while operating the forklift.
On May 25, 1995, while Brown was performing her job duties as an order picker in her forklift twelve feet above the ground, another forklift driven by an employee of Huffy backed into Brown's forklift, causing her to fall to the ground. She sustained head and spinal cord injuries as a result of the fall and later died from the injuries. Brown was not wearing the required safety belt.
Plaintiff filed a complaint against defendants in the Summit County Common Pleas Court, which later transferred the case to the Franklin County Common Pleas Court on plaintiff's request. Plaintiff asserted a products liability claim under R.C. 2307.71et seq., against Raymond, the manufacturer of the forklift that hit Brown's forklift. Plaintiff claimed Raymond's forklift was defective because it lacked mirrors to facilitate safe driving in reverse. Plaintiff also asserted a claim of negligence against Concepts, who sold and installed the Raymond forklift. Finally, plaintiff asserted a wrongful death claim against both defendants pursuant to R.C. 2125.01. Raymond and Concepts answered plaintiff's complaint, asserting the affirmative defenses of contributory negligence and assumption of the risk.
On June 8, 1998, both defendants moved for summary judgment on plaintiff's claims, and the trial court granted defendants' motion. Plaintiff timely appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO RAYMOND CORPORATION WHERE THE DECEDENT SHIRLEY BROWN DID NOT ASSUME THE RISKS OF THE DEFECTIVE PRODUCT.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO STORAGE CONCEPTS, INC. BECAUSE THE AFFIRMATIVE DEFENSE OF ASSUMPTION OF THE RISK IS AN ISSUE FOR THE JURY.
In accordance with Civ.R. 56, the evidence must be construed most strongly in favor of the non-moving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the non-moving party. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296. If the moving party makes that showing, the nonmoving party then must produce evidence on any issue for which the party bears the burden of production at trial.Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986],477 U.S. 317, approved and followed).
Plaintiff's first assignment of error contends the trial court improperly applied the affirmative defense of assumption of the risk in granting summary judgment in favor of Raymond on plaintiff's products liability claim. Express or implied assumption of the risk may be a complete bar to recovery in a products liability claim if the assumption of the risk was a direct and proximate cause of the harm to plaintiff. Former R.C.2315.20(B)(2). Express, or primary, assumption of the risk is a judicially created doctrine whereby a defendant owes no duty to protect a plaintiff from certain risks so inherent in some activities that they cannot be eliminated. See Collier v.Northland Swim Club (1987), 35 Ohio App.3d 35, 37, citingAnderson v. Ceccardi (1983), 6 Ohio St.3d 110. By contrast, implied, or secondary, assumption of the risk acknowledges a defendant owes some duty to a plaintiff, but holds that a plaintiff's voluntary consent to or acquiescence in an appreciated, known, or obvious risk to his or her safety acts as a defense to that plaintiff's products liability action. Collier,supra, at 37. The trial court analyzed, and the parties briefed, the matter under implied assumption of the risk. We do likewise.
The issue of assumption of the risk ordinarily involves questions of fact that generally are to be decided by the fact finder. Carrel v. Allied Products Corp. (1997), 78 Ohio St.3d 284,289; Collier, supra, at paragraph three of the syllabus. Nonetheless, summary judgment may be proper in the context of an assumption of the risk defense. Benjamin v. Deffet Rentals (1981),66 Ohio St.2d 86, 88-89; Butts v. Troy-Bilt Manufacturing, Co.
(July 6, 1998), Richland Case No. 97-CA-103, unreported (granting summary judgment for defendant on assumption of the risk defense in a products liability action).
For summary judgment purposes, the parties assumed Raymond's forklift was defective, and the defect proximately caused the collision between the two forklifts. Given those assumptions, the trial court determined the definitive issue was whether Brown assumed the risk of falling when she failed to wear her safety belt. Because Brown was not wearing the safety belt she was required to wear at the time the forklift hit her, the trial court concluded Brown had "assumed the risks associated with not wearing the required safety equipment, and essentially, voluntarily placed herself in harm's way." (Decision, p. 7.) Plaintiff asserts the court should have focused on the forklift's defect, not the risk of falling, in assessing assumption of the risk. The dispositive issue in plaintiff's first assignment of error thus revolves to: of what condition must Brown have had knowledge, her risk of falling or the forklift's defect.
Plaintiff's products liability claim against Raymond is founded on the allegation that Raymond's forklift was defective. In discussing assumption of the risk as a defense in a products liability action, the Ohio Supreme Court noted that "an otherwise strictly liable defendant has a complete defense if the plaintiff voluntarily and knowingly assumed the risk occasioned by thedefect." Onderko v. Richmond Mfg. Co. (1987), 31 Ohio St.3d 296,299 (emphasis added), citing, inter alia, 2 Restatement of the Law 2d, Torts (1965) 356, Section 402A, Comment n.; see, also, Sapp v.Stoney Ridge Truck Tire (1993), 86 Ohio App.3d 85, 97 (finding jury instruction improper when no evidence indicated plaintiff "assumed the risk occasioned by the allegedly defective product.") (Emphasis added.) Indeed, this court has noted that for a jury instruction to be given on the assumption of the risk defense, "there must be evidence that the injured party voluntarily and unreasonably assumed a known risk posed by a product." Mulloy v.Longaberger (1989), 47 Ohio App.3d 77, 80, citing Onderko, supra.
(Emphasis added.) Moreover, 2 Restatement of the Law 2d, Torts (1965) 570, Section 496(C), defines implied assumption of the risk as "a plaintiff who fully understands a risk of harm to himself or his things caused by the defendant's conduct or by the conditionof the defendant's land or chattels * * * under circumstances that manifest his willingness to accept [the risk] * * *."
Applying the principles of assumption of the risk, the court in Sigman v. Gen. Elec. Co. (1991), 77 Ohio App.3d 430, addressed an incident in which a worker on an electric line was electrocuted when a safety device ("device") in a power line malfunctioned. Evidence indicated the decedent did not use all the safety equipment available to him. The administrator of decedent's estate filed a products liability claim against the manufacturer of the device, and summary judgment was entered for the manufacturer on a determination that "the proximate cause of decedent's demise was his own deliberate assumption of a risk which he had been warned of." Id. at 432. On appeal, the court reversed, finding that "any risk, if assumed by [the decedent], was not that of being electrocuted, but, rather, the risk that the G.E. safety device was defective and would fail in service to prevent that which it was intended to prevent." Id. at 433-434. The court thus looked to the product to determine the risks assumed, not the conduct of the decedent in failing to use available safety equipment or of the harm that would ensue from that failure. Similarly, the issue here is not whether Brown assumed the risk of falling, but rather the risk of the defective forklift. Cf. Colboch v. Uniroyal Tire Co., Inc. (1996),108 Ohio App.3d 448, 460 ("[o]nly if plaintiff knew that the tire would explode during the seating process could it be said that plaintiff assumed an unreasonable risk of harm"). The record contains no evidence Brown had any knowledge that the forklift was defective.
Moreover, contributory negligence is not a defense to a products liability claim made against a manufacturer. Former R.C.2315.20(C)(1). While Brown's failure to wear her required safety belt may have been negligence, the Ohio Supreme Court has refused to "inject a plaintiff's negligence into the law of product liability." Bowling v. Heil Co. (1987), 31 Ohio St.3d 277, 285. "Thus, the focus is upon the nature of the product, and the consumer's reasonable expectations with regard to that product, rather than on the conduct either of the manufacturer or of the person injured because of the product." Id., quoting Kinard v.Coats Co., Inc. (1976), 553 P.2d 835, 837.
For the foregoing reasons, plaintiff's first assignment of error is sustained.
Plaintiff's second assignment of error contends the trial court erred in granting summary judgment on plaintiff's negligence claim against Concepts.
In a negligence action, contributory negligence or implied assumption of risk may be asserted as an affirmative defense. Former R.C. 2315.19(A)(1). The two defenses have been merged in such actions and will not bar recovery unless the negligence of the decedent is greater than that of the combined negligence of all the other entities from whom plaintiff seeks recovery. Id. at (A)(2); Anderson, supra, at 113-114 (merging implied assumption of risk with contributory negligence but expressly not merging express assumption of risk). If, however, a plaintiff is found negligent, any damages plaintiff may recover is diminished by the percentage of plaintiff's negligence, if that percentage is less than the negligence of the other persons. Former R.C. 2315.19(A)(2). The fact finder apportions the percentage of each party's negligence that proximately caused the plaintiff's damages. Id. at (B). The trial court granted summary judgment on plaintiff's negligence claim against Concepts, finding that Brown's own negligence in failing to wear her safety belt "caused or substantially contributed to the seriousness of the injuries she sustained-injuries which ultimately caused her death." (Decision, p. 8.)
Issues of comparative negligence, however, generally are for the jury to resolve unless the evidence is so compelling that reasonable minds can reach but one conclusion. Simmers v. BentleyConstr. Co. (1992), 64 Ohio St.3d 642, 646. The evidence here is not so compelling that reasonable minds could come to only one conclusion. Borchers v. Winzeler Excavating Co. (1992), 83 Ohio App.3d 268,278, citing Hitchens v. Hahn (1985), 17 Ohio St.3d 212. Summary judgment was improperly entered in favor of Concepts based on Brown's conduct.
Concepts nonetheless contends that summary judgment was proper because Brown's conduct was the sole, proximate cause of her death. An injury may have more than one proximate cause.Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 587, citing Prosser and Keeton, Law of Torts (5th Ed. 1984) 266-268, Section 41. "In Ohio, when two factors combine to produce damage or illness, each is a proximate cause." Id., quoting Norris v.Babcock Wilcox Co. (1988), 48 Ohio App.3d 66, 67. "When an injury is the natural and probable consequence of negligent conduct, that the negligence of others unites with that negligence to cause injury does not relieve the original offender from liability." State Farm Mut. Auto. Ins. v. VanHoessen (1996),114 Ohio App.3d 108, 111, citing Strother v. Hutchinson
(1981), 67 Ohio St.2d 282, 287.
Here, given the underlying assumption that Concepts was negligent and that its negligence was a proximate cause of the collision that led to Brown's death, Concepts' summary judgment motion premised on Brown's negligence as the sole proximate cause of her injury is not properly granted. Rather, the proximate cause of Brown's death is an issue of fact for the fact finder to decide pursuant to the modern comparative negligence provisions of former R.C. 2315.19(A)(1). Texler v. D.O. Summers Cleaners (1998),81 Ohio St.3d 677, 681; Collier, supra, at 39; Wehrle v. ABC SupplyCo. (Feb. 26, 1999), Hamilton App. No. C-980476, unreported (reversing summary judgment in favor of defendant and noting that "the question of whether [plaintiff's] contributory negligence in stepping backwards is the proximate cause of his injury is also an issue of fact for the jury to decide pursuant to the comparative-negligence provisions of R.C. Chapter 2315," citingTexler, supra). Accordingly, plaintiff's second assignment of error is sustained.
Having sustained plaintiff's two assignments of error, we reverse the judgment of the trial court and remand this matter to the trial court for proceedings consistent with this opinion.
Judgment reversed and case remanded.
DESHLER and KENNEDY, JJ., concur.