[Civ. No. 20647. First Dist., Div. Two. Jan. 17, 1963.]

FLORENCE E. VASSALLO, Plaintiff and Respondent, v. SABATTE LAND COMPANY, INC., et al., Defendants and Appellants.

12

Eugene K. Lawlor for Defendants and Appellants.

Nichols, Williams, Morgan & Digardi and Edward M. Digardi for Plaintiff and Respondent.

KAUFMAN, P. J.—This is an appeal from a judgment in favor of the respondent, Florence E. Vassallo, for personal injuries sustained when a bottle of milk delivered by the appel-

lants broke in her hands. The complaint alleged two causes of action: the first based on the negligence of the appellants; the second cause on breach of implied warranty. The trial court, sitting without a jury, found that the appellants were not negligent, and found in favor of the respondent on the second cause of action.

Appellants here contend that: (1) there was no implied warranty by appellants to the respondent; (2) there was no reliance on any implied warranty; (3) even if there was an implied warranty, there was no breach of it; and (4) the trial court erred in holding that the respondent was not contributorily negligent. There is no merit in any of these contentions.

The facts are not in dispute. Appellants, Sabatte Land Company, Inc., a corporation, Frank E. Sabatte, George Sabatte, Remond Sabatte, Albert Sabatte and John Sabatte, were individuals and copartners engaged in the business of bottling, selling and delivering dairy products under the firm name of Berkeley Farms. About 10 o'clock on the morning of May 19, 1960, appellants' deliveryman stopped his truck across the street from the respondent's home at 1655 View Drive, San Leandro, California. He carried two glass milk bottles in his left hand and a half gallon of ice cream in a cardboard container. The respondent was standing on the porch of her parents' home dressed in a coat and gloves and carrying a purse. She received the items from the delivery-man. She put the ice cream container under her right arm and with a milk bottle in each hand entered the house. She noticed that, as usual, the bottles were wet and had specks of ice on them. As she stepped into the kitchen, the bottle in her right hand felt as if it were going to slip and as it did so, she attempted to pull the bottle toward her. Then, without touching the other bottle or any other object, the bottle in her right hand shattered. She dropped the milk bottle in her left hand at the same time. Subsequently, both bottles were swept up and thrown away. The accident occurred about 30 seconds after the respondent had received the milk and ice cream from the deliveryman. The deliveryman heard her screams and immediately reentered the house. Respondent's right hand was injured permanently.

The trial court found the facts substantially as stated above and further found that: the appellants did not manufacture the glass bottles but purchased them from a manufacturer; at all times appellants exercised reasonable and practicable

care for the safety of the bottles, including inspection of the milk bottles prior to bottling and delivery; that the respondent observed the bottle when delivered to her and no defects were discovered by appellants or the respondent.

The court also found that the appellants did not expressly warrant the condition and quality or fitness of said milk or bottle; that the milk was of good quality and condition and contained no gases which would create any internal pressure upon said milk bottle; that appellants impliedly held out and impliedly warranted said milk and the glass container to be of good quality, good materials, and safe for the use for which it was manufactured and bottled, as well as safe for the normal uses to which it would be put and safe to the person using or handling said bottle in the normal manner, and that respondent, relying upon said implied warranty and depending upon the appellants' skill and judgment as to the safety and quality herein warranted, carried the milk bottle in the regular and usual manner.

The first contention on appeal is that the trial court erred as a matter of law in finding in favor of the respondent on the theory of implied warranty. Appellants' argument is based primarily on *Trust* v. *Arden Farms Co.,* 50 Cal.2d 217 [324 P.2d 583]. In that case, the plaintiff sought damages, *inter alia,* from the dairy, for personal injuries sustained when a milk bottle she was handling in her kitchen broke. The main contention on appeal was whether the doctrine of res ipsa loquitur applied. The court also held that there was no breach of warranty on the part of the dairy as there was no evidence that the bottle was defective when delivered.

First, appellants' argument overlooks the fact that in the *Arden* case, there was simply a failure of proof as to an implied warranty. The plaintiff in that case could not show that the condition of the bottle had not been changed since it had left the possession of the dairy, as three days expired between the time of delivery of the bottle and the time of the accident, during which time, the bottle had been removed from the refrigerator at least once, some of the contents used, and plaintiff's three children had access to the bottle.

Second, and more important, the *Arden* case and the other authorities cited by the appellants predate *Vallis* v. *Canada Dry Ginger Ale, Inc.,* 190 Cal.App.2d 35 [11 Cal.Rptr. 823] [petition for rehearing denied March 27, 1961], which established that in this state, there is an implied warranty

with respect to the condition of a container as distinguished from its contents. In upholding a cause of action in implied warranty against the seller, in favor of a restaurant employee injured by a broken beverage container, the court said at page 39: ''While there is no ready precedent in this state as to whether there is an implied warranty of which the plaintiff may avail himself under the facts of this case, the course which this court must take in resolving the problems presented has been substantially charted in the recent cases of *Trust* v. *Arden Farms Co.,* 50 Cal.2d 217 [324 P.2d 583], and *Peterson* v. *Lamb Rubber Co.,* 54 Cal.2d 339 [5 Cal.Rptr. 863, 353 P.2d 575]. It is true that the prevailing opinion in *Trust* v. *Arden Farms Co.* does not expressly hold that there may be an implied warranty as to the container of food or of a beverage (as distinguished from the food or beverage itself) but that assumption appears to be made in the opinion, at least for the purpose of the determination of the problem there presented. It was said (50 Cal.2d, at p. 223): 'There was no evidence that the [milk] bottle was defective when delivered by Arden to plaintiff, and therefore there is no basis for claiming any breach of warranty.' But, in any event, there is nothing necessarily inconsistent with that determination in the following statement found in the second of the three concurring and dissenting opinions in that case (50 Cal.2d, at p. 237): 'Whatever the arguments for limiting the manufacturer's strict liability to foodstuffs, there is no rational basis for differentiating between foodstuffs and their containers. . . .' ''

 The court based its opinion on section 1735 of the Civil Code[1] and pointed out that the section does not merely

---

[1]''Subject to the provisions of this act and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

''(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose.

''(2) Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality.

''(3) If the buyer has examined the goods, there is no implied warranty as regards defects which such examination ought to have revealed.

''(4) In the case of a contract to sell or a sale of a specified article

refer to goods sold but to all goods supplied under a contract to sell or a sale. The rule of *Vallis* has been followed in *Lai Wum Chin Mock* v. *Belfast Beverages*, 193 Cal.App.2d 770 [14 Cal.Rptr. 602] and *Jones* v. *Burgermeister Brewing Corp.*, 198 Cal.App.2d 198 [18 Cal.Rptr. 311], and is in line with the modern view (see Prosser, Torts (2d ed.) § 84, pp. 507-510; Prosser, *The Assault Upon the Citadel (Strict Liability to the Consumer)*, 69 Yale L.J. 1099, 1138; and cases collected in 81 A.L.R.2d 350, 81 A.L.R.2d 222, 76 A.L.R.2d 39). We note that a similar result was reached on somewhat similar facts in *Hadley* v. *Hillcrest Dairy, Inc.* (1961) 341 Mass. 624 [171 N.E.2d 293].

. Appellants here attempt to distinguish the rule of the *Vallis* case on the theory that the beverage there involved was a carbonated one, while the milk in the instant case contained no gases. However, this distinction is of no relevance here. ▮ The sale of a bottle of milk by a dairy under the circumstances clearly comes within the language of the second subdivision of section 1735, Civil Code, and the seller's implied warranty of merchantable quality under this provision includes a warranty that his product is reasonably fit for the general purpose for which goods of that kind are sold (see *Simmons* v. *Rhodes & Jamieson, Ltd.*, 46 Cal.2d 190 [293 P.2d 26]; *Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682 [268 P.2d 1041]). ▮ It is obvious that a milk bottle which is so defective that it will break under normal handling is not fit for the ordinary use for which it was intended and that the delivery of such a defective bottle constitutes a breach of warranty (see also *Canada Dry Bottling Co. of Florida* v. *Shaw* (Fla. Dist.Ct.App.) 118 So.2d 840, 842; *Sanchez-Lopez* v. *Fedco Food Corp.* (1961) 27 Misc.2d 131 [211 N.Y.S.2d 953]; *Naumann* v. *Wehle Brewing Co.*, 127 Conn. 44 [15 A.2d 181]). On the basis of the reasoning in the *Vallis* case, we can only conclude that there was an implied warranty of the nature discussed above with respect to the bottle herein involved.

Appellants further argue, however, that even if there was an implied warranty, there could have been no reliance there-

under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose.

"(5) An impiled warranty or condition as to the quality or fitness for a particular purpose may be annexed by the usage of trade.

"(6) An express warranty or condition does not negative a warranty or condition implied under this act unless inconsistent therewith." .

on by the respondent. ▮ Appellants contend that their contract for the delivery of milk was with the respondent's parents and that, therefore, the respondent was not in privity with them. ▮ It is well established, however, that in this state, while privity is a prerequisite to maintaining an action for breach of warranty, there is an exception to the privity requirement in cases involving foodstuffs which hold that an implied warranty of fitness for human consumption runs from the manufacturer to the ultimate consumer, regardless of privity of contract (*Klein* v. *Duchess Sandwich Co., Ltd.,* 14 Cal.2d 272 [93 P.2d 799]; *Vaccarezza* v. *Sanguinetti,* 71 Cal.App.2d 687, 689 [163 P.2d 470]). Furthermore, in the *Vallis* case, *supra,* at pages 42-44, the court rejected an identical argument to hold that the warranty extended to the employee of the buyer. ▮ Similarly, the implied warranty here extended to the respondent (*Peterson* v. *Lamb Rubber Co.,* 54 Cal.2d 339 [5 Cal.Rptr. 863, 353 P.2d 575]; cf. *Gottsdanker* v. *Cutter Laboratories,* 182 Cal.App.2d 602, 606-607 [6 Cal.Rptr. 320]).

▮ Appellants next contend that the evidence is insufficient to sustain the finding of breach of the implied warranty. Appellants contend there is no evidence that the bottle was defective when delivered by the appellants' deliveryman to the respondent. However, this question is for the trial court (*Vallis* v. *Canada Dry Ginger Ale, Inc., supra,* at p. 44). ▮ On appeal, we need only to ascertain whether there was substantial evidence to support the result reached below. ▮ However, there was evidence here that it would be impossible to break a bottle of milk with hand pressure as described by the respondent, if the bottle were in proper and good condition. The respondent testified that the bottle broke in her hand without any external force except hand pressure, within a few seconds after she had received it from the deliveryman. The undisputed testimony of respondent's expert and appellants' manager was that this could not occur unless the bottle were defective. The trial court also personally observed the tests made by respondent's expert, demonstrating the tremendous force necessary to break a bottle of milk by banging two bottles together. Thus, there was ample evidence from which the trial court could conclude that the bottle was defective when delivered to the respondent.

▮ Appellants' next argument is that the trial court erred in finding that the respondent was not contributorily

negligent. This also is a question of fact for the trial court. The evidence supports the finding. Contributory negligence is not a defense to an action based on implied warranty (*Kassouf* v. *Lee Bros., Inc.*, 209 Cal.App.2d 568, 572 [26 Cal.Rptr. 276]).

Judgment affirmed.

Shoemaker, J., and Agee, J., concurred.