**Thomas Dewey HOLT, Plaintiff,**

v.

**STIHL, INC., et al., Defendants.**

**STIHL, INC., Plaintiff-by-cross-claim,**

v.

**Andreas Stihl MASCHINEFABRIK, Defendant-by-cross-claim.**

**No. CIV-2-77-23.**

United States District Court, E. D. Tennessee, Northeastern Division.

Nov. 22, 1977.

**694**

Gene P. Gaby and Thomas L. Kilday, Milligan, Coleman, Fletcher & Gaby, Greeneville, Tenn., for Thomas Dewey Holt.

Samuel B. Miller, and Samuel B. Miller, II, Johnson City, Tenn., for Stihl, Inc.

Joseph O. Fuller, and Gene H. Tunnell, Fuller & Tunnell, Kingsport, Tenn., for Andreas Stihl Maschinefabrik.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action to recover damages for personal injuries sustained while using a product which was manufactured and/or sold by the respective defendants. 28 U.S.C. §§ 1332(a)(1), (2), (c). The plaintiff excepted to the pretrial order herein of November 3, 1977, requesting the Court to delete therefrom as a contested issue of fact whether " * * * any negligence of the plaintiff proximately cause[d] or contribute[d] to cause his injuries and damages. * * * " The plaintiff contends that any contributory negligence on his behalf is irrelevant herein since he is proceeding only on theories of strict liability in tort[1] and breach of certain implied warranties.[2]

Jurisdiction herein, being based on the diverse citizenship of the parties and the requisite amount in controversy, this Court is required to apply the substantive law of Tennessee. *Erie R. Co. v. Tompkins* (1938), 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188,

1194; *Boatland, Inc. v. Brunswick Corp.*, C.A.6th (1977), 558 F.2d 818, 821[1]. Thereunder, it is clear that " * * * the *only* [emphasis in original] form of contributory negligence which can be used as a defense in strict products liability cases is that known as 'assumption of risk'. * * * " *Ellithorpe v. Ford Motor Company* (Tenn., 1973), 503 S.W.2d 516, 521[10]. Assumption of risk is separately stated as a contested issue of fact in the pretrial order. Therefore, as to the plaintiff's strict liability claim, Mr. Holt's own negligence is irrelevant.[3]

The Uniform Commercial Code, as adopted in Tennessee, includes no specific provision as to whether contributory negligence is a defense in a breach of warranty products liability case. Furthermore, there appears to be no Tennessee case addressing itself to this issue. Therefore, this Court is required " * * * to make a considered 'educated guess' as to what decision the Supreme Court of Tennessee would reach on these facts. * * * " *Lee v. Crenshaw*, C.A.6th (1977), 562 F.2d 380, 381[1].

 In Tennessee, an action for breach of warranty has been viewed generally as one sounding in contract, as opposed to tort, law. See, *e. g.: Curtis v. Murphy Elevator Co.*, D.C.Tenn. (1976), 407 F.Supp. 940; *Great Am. Music Mach., Inc. v. Mid-South Record Pressing Co.*, D.C.Tenn. (1975), 393 F.Supp. 877; and *Cumberland Corporation v. E. I. DuPont de Nemours & Co.*, D.C. Tenn. (1973), 383 F.Supp. 595. Thus, it would seem that the tort concept of contributory negligence would have no application to such actions.

As to those jurisdictions in which Courts have considered this issue, there appears to be some disagreement. One commentator has summarized that:

\* \* \* \* \* \*

---

1. See Restatement of the Law Second, Torts (2d), § 402A.

2. T.C.A. §§ 47–2–314, 315.

3. This is not to imply, however, that the plaintiff's conduct, whether amounting to negligence or not, might not constitute a misuse of the product involved.

\* \* \* Some cases hold or state that contributory negligence is available as a defense, and there is also some authority which *impliedly* supports the view that contributory negligence, where established, will bar recovery for breach of warranty.

On the other hand, there are decisions holding or indicating that contributory negligence is not available as a defense in an action for an alleged breach of warranty. And there appears to be some conflict even *within* some jurisdictions as to whether contributory negligence is a defense. [Emphases in original.]

\* \* \* \* \* \*

1 Hursh & Bailey, American Law of Products Liability (2d ed.) 620–621, § 3:81. According to the footnotes noted in that quotation, California seems to be the jurisdiction which has most often considered this question, and its courts have consistently held that contributory negligence is not a defense to warranty suits. See: *Preston v. Up-Right Inc.* (1966), 243 Cal.App.2d 636, 52 Cal.Rptr. 679; *Crane v. Sears, Roebuck & Co.* (1963), 218 Cal.App.2d 855, 32 Cal.Rptr. 754; *Vassallo v. Sabatte Land Co.* (1963), 212 Cal.App.2d 11, 27 Cal.Rptr. 814; and *Kassouf v. Lee Brothers, Inc.* (1962), 209 Cal.App.2d 568, 26 Cal.Rptr. 276; see also *Young v. Aeroil Products Co.*, C.A.9th (1957), 248 F.2d 185.

The more recent decisions of other jurisdictions appear to follow the California approach, in refusing to recognize such a defense. Similarly, two noted authors in this field have concluded that " \* \* \* the better view [is] that contributory negligence as such \* \* \* is not a defense \* \* \* " to a warranty action. Frumer & Fiedman, Products Liability, § 16.01[3], Warranty; *accord*: Comment, Products Liability: For the Defense—Contributory Fault, 33 Tenn.L.Rev. 463, 465–466. This same rule has been applied by the Court of Appeals for this circuit in a diversity case arising in Michigan. *Murphy v. Eaton, Yale & Towne, Inc.*, C.A.6th (1971), 444 F.2d 317, 322.

 From all which, it is the considered opinion of this Court that, if the Tennessee Supreme Court were faced squarely with the issue now presented herein, it would conclude that, in this jurisdiction, contributory negligence, as such, is not a proper defense to a breach of warranty action such as this.

Accordingly, the plaintiff's aforementioned exception to the pretrial order herein hereby is GRANTED, and contested issue of fact therein IV(e) hereby is STRICKEN.