Marie Louise **BARRETT**,
Plaintiff-Appellant,

v.

**UNITED AIRLINES, INC.,**
Defendant-Appellee.

No. 83CA1282.

Colorado Court of Appeals,
Div. III.

Nov. 15, 1984.

Rehearing Denied Dec. 20, 1984.

Certiorari Denied April 1, 1985.

Clifford L. Neuman, P.C., Clifford L. Neuman, Boulder, for plaintiff-appellant.

Tilly & Graves, P.C., David D. Schlachter, Denver, for defendant-appellee.

BABCOCK, Judge.

Plaintiff, Marie Louise Barrett, brought this action seeking to recover damages on a theory of tortious bad faith. She appeals the trial court's dismissal of her complaint for failure to state a claim. We affirm.

Plaintiff traveled from Philadelphia to Denver on United Airlines and alleged that defendant lost a piece of her luggage in connection with this flight. Defendant denied plaintiff's claim for the lost luggage and refused to compensate her under the applicable Civil Aeronautics Board Tariff.

She alleged that defendant committed "tortious bad faith" in denying her claim, but did not sue under the tariff. She argues that we should extend the theory of tortious bad faith, as has been applied in Colorado to insurance contracts, to the context of this case. We decline to do so.

An agreement to carry luggage between a passenger and an airline is a bailment contract. "Bailment is the delivery of personal property by one person to another in trust for a specific purpose with a contract, express or implied, that the trust shall be faithfully executed and the property duly accounted for when the special purpose is accomplished." *Christensen v. Hoover*, 643 P.2d 525 (Colo.1982); *Cugnini v. Reynolds Cattle Co.*, 648 P.2d 159 (Colo.App. 1981), *aff'd*, 687 P.2d 962 (Colo.1984).

The duty owed by the bailee is one of reasonable care to protect the bailed property; the bailee's duty runs to bailor's property, not solely to the bailor. *Christensen v. Hoover, supra.* If the bailment contract is breached, then the bailee is liable for damage to the bailed property. *Christensen v. Hoover, supra.* Thus, the

bailee is under no special duty to protect the emotional well being of the bailor.

■ Furthermore, in the specific area of bailment contracts for luggage between an airline and its passengers, national tariffs limit the scope of the airline's duty by providing that the maximum liability of an airline carrier for loss of luggage can be no greater than $750, see Tariff PR–7, CAB No. 352, and specifically excludes liability for any consequential or special damages. See Tariff PR–3, CAB No. 52. In this area of bailments then, there has been no creation of any special duty; rather, the duty is limited.

■ Plaintiff's attempt to analogize a bailment contract to an insurance contract fails because, unlike a bailment contract, an insurance contract imposes a special duty, the breach of which may constitute tortious bad faith. Thus, while a bad faith breach of an insurance contract will give rise to a claim for relief, such claim arises from the special rights and duties between the insured and the insurer. *See Farmers Group, Inc. v. Trimble*, 658 P.2d 1370 (Colo.App.1982).

■ In *Rederscheid v. Comprecare, Inc.*, 667 P.2d 766 (Colo.App.1983) and *Farmers Group, Inc. v. Trimble, supra*, we recognized that a claim for tortious bad faith may not be limited solely to the area of insurance law. However, we adhere to the basic requirement that such claim must be founded on a duty arising out of some special relationship between the parties, *see Farmers Group, Inc. v. Trimble, supra*, and, therefore, requires a higher duty between the parties than the normal duty of reasonable care implicit in every bailment contract. *See Egan v. Mutual of Omaha*, 24 Cal.3d 809, 157 Cal.Rptr. 482, 598 P.2d 452 (1979).

■ The plaintiff, in purchasing a ticket for transportation for herself and for her luggage, receives convenient, quick travel in exchange for her money. However, the fact that the federal government regulates such contracts does not convert them into contracts of insurance. While the passenger can rightfully expect the safekeeping and delivery of her luggage, and if that expectation is not fulfilled, may assert a claim for breach of the bailment contract, the contract between the passenger and the airline is not one whose purpose is to insure the passenger's peace of mind. *Cf. Egan v. Mutual of Omaha, supra.*

■ We hold that the allegation of bad faith settlement of a lost luggage claim by an airline fails to state a claim upon which relief may be granted.

Judgment affirmed.

BERMAN and METZGER, JJ., concur.