Jodi Lynn HARVEY, Plaintiff–Appellant,

and

Julie Slack and Brett Slack, Plaintiffs–Appellants and Cross–Appellees,

v.

FARMERS INSURANCE EXCHANGE, a California corporation, Defendant–Appellee and Cross–Appellant,

and

Diversified Medical Resources Corporation, a Minnesota corporation, Defendant–Appellee.

Nos. 96CA2293, 97CA0996.

Colorado Court of Appeals, Div. III.

Oct. 1, 1998.

Rehearing Denied Oct. 29, 1998.

Certiorari Granted Sept. 13, 1999.

Burg & Eldredge, P.C., Michael S. Burg, Rosemary Orsini, Diane Vaksdal Smith, Englewood, for Plaintiffs–Appellants and Cross–Appellees.

Patterson & Nuss, P.C., Franklin D. Patterson, Englewood, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge PLANK.

Plaintiffs, Jodi Lynn Harvey and Julie and Brett Slack (the Slacks), appeal the amount of a judgment entered in favor of Julie Slack for willful and wanton negligence and bad faith breach of an insurance contract and the denial of their motion for treble exemplary damages. Defendant Farmers Insurance Exchange cross-appeals the amount of a judgment in favor of plaintiff Brett Slack on a claim of loss of consortium deriving from the negligence and bad faith claims of his wife, Julie Slack. In a separate appeal, now consolidated for disposition here, plaintiffs have challenged the trial court's award of costs to defendant. Diversified Medical Resources Corporation (Diversified), a defendant in the trial court, is not a party to these appeals. We affirm in part, reverse in part, and remand.

The relevant facts are not in dispute on appeal. Following an automobile accident, plaintiff Jodi Harvey was referred to a chiropractor selected by defendant from a list supplied by Diversified. The chiropractor was to perform an independent medical examination to determine whether defendant should pay benefits under an insurance policy it had issued. The chiropractor sexually assaulted Harvey and she complained to defendant. Defendant nevertheless denied benefits under its policy at least partly on the basis of the report of the chiropractor.

Approximately one year later, claiming benefits under another policy issued by defendant, plaintiff Julie Slack was referred to the same chiropractor for an independent medical examination and was similarly sexually assaulted by the chiropractor. She complained to defendant and to the police and, following an investigation, the chiropractor's license was revoked on the basis of these and other complaints. Defendant nevertheless denied the claim for benefits under the policy based at least in part on the chiropractor's report.

Plaintiffs brought this action naming defendant, the chiropractor, and Diversified as defendants, asserting various claims including breach of contract, bad faith breach of an insurance contract, assault, battery, willful and wanton negligence, intentional infliction of emotional distress, and outrageous conduct. The chiropractor settled with plaintiffs and was dismissed from the suit. The defendants then jointly named the chiropractor as a non-party at fault pursuant to § 13–21–111.5(3)(b), C.R.S.1998.

The jury found in favor of Diversified on all claims against it, in favor of defendant as to all claims by plaintiff Jodi Harvey, in favor of plaintiff Julie Slack and against defendant on her claims of willful and wanton negligence and bad faith breach of an insurance contract, in favor of defendant on Julie Slack's remaining claims, and in favor of plaintiff Brett Slack on his claim of loss of consortium.

Over the objections of plaintiffs, the jury was instructed to apportion fault between defendant and the chiropractor, the alleged non-party at fault, on all claims on which the jury found in favor of Julie Slack. The jury found the chiropractor 60% at fault and defendant 40% at fault. In post-trial motions, defendant requested judgment notwithstanding the verdict and the Slacks requested treble exemplary damages and attorney fees. The court denied the motions. The first appeal followed.

Subsequent to the entry of those judgments and the filing of plaintiffs' notice of appeal, and over plaintiffs' objections, the court entered judgment awarding costs totaling $7,282.74 to defendant against plaintiff Julie Slack and $5,659.30 to defendant against plaintiff Jodi Harvey. In each instance, the award of costs was based on the plaintiff having recovered less than defendant's offer of settlement in accordance with § 13–17–202, C.R.S.1998. The second appeal followed.

## I.

The Slacks argue that the apportionment of damages between defendant and the chiropractor as a non-party at fault on plaintiff Julie Slack's claim of bad faith breach of an insurance contract is incorrect because the chiropractor owed no duty to her and because defendant's duty of good faith was nondelegable. Under the facts presented here, we disagree.

### A.

Before addressing the precise issue raised, we must first consider whether apportionment of liability is proper between defendants, or between defendants and designated non-parties at fault, when one or more are negligent by failing to use reasonable care to prevent the foreseeable harm resulting from the intentional tort of one or more others.

Colorado has abrogated the common law doctrine of joint and several liability among tortfeasors by adopting instead a comparative fault statutory scheme apportioning liability among the parties by their relative degree of fault (the liability apportionment statute). Under that statute, § 13–21–111.5, C.R.S.1998, when a non-party is allegedly at fault, the jury may also apportion fault to the non-party, and the parties are then liable only for the remainder of the judgment in proportion to the jury's determination of their fault. But, a designated non-party at fault is not liable for the amount of the judgment apportioned to it, nor is it bound by the determination of liability or the amount of damages in a subsequent action against it.

A former defendant who has settled with the plaintiffs may be designated a non-party at fault under the statute. Section 13–21–111.5(3)(b), C.R.S.1998. However, a par-

ty or non-party may not be apportioned fault on a claim if it did not owe a duty to the plaintiff. *Miller v. Byrne*, 916 P.2d 566 (Colo.App.1995). The existence of a duty is a question of law that we review *de novo*. *Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo.1980).

Colorado has also modified the doctrine of contributory negligence by the adoption of § 13–21–111, C.R.S.1998 (the comparative negligence statute). Prior to the adoption of that statute, any degree of negligence by the plaintiff constituted a complete defense barring plaintiff's recovery, except that the plaintiff's contributory negligence was not a defense when the defendant's conduct amounted to an intentional tort. *White v. Hansen*, 837 P.2d 1229 (Colo.1992). Now, under the comparative negligence statute, the plaintiff's claim against a defendant is barred if the extent of the plaintiff's negligence exceeds that of the defendant, and otherwise the plaintiff's award of damages is reduced by the proportion of its own negligence.

In construing the comparative negligence statute, our supreme court has indicated that "actions founded on intentional misconduct by the defendant were not subject to the defense of contributory negligence [by the plaintiff] and are not subject to comparative fault principles." *White v. Hansen, supra* (fn. 6); *see also Carman v. Heber*, 43 Colo. App. 5, 7, 601 P.2d 646, 648 (1979) (when the plaintiff is negligent, "intentional wrongdoing on the part of the defendant [nevertheless] renders the comparative negligence statute inapplicable").

The issue of apportionment of liability between negligent and intentional tortfeasors, whether defendants or designated non-parties at fault, under the liability apportionment statute is a matter of first impression.

■ Section 13–21–111.5(1), C.R.S.1998, states in pertinent part:

In an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the *negligence or fault* attributable to such defendant that

produced the claimed injury, death, damage, or loss .... (emphasis added)

In construing a statute, we must give effect to the plain meaning of each and every word and phrase unless the result is ambiguous or nonsensical. In such circumstances, we must determine the intent of the General Assembly in enacting the statute and give effect to that intent. *San Miguel County Board of Equalization v. Telluride Co.*, 947 P.2d 1381 (Colo.1997).

Examining the statute here, we see that it includes something more than simple negligence because otherwise the phrase "or fault" would be mere surplusage. However, the word "fault" has several potentially relevant meanings. "Fault" is defined as synonymous with "negligence," as "a wrong tendency, course, or act," and also as "bad faith or mismanagement." *Black's Law Dictionary* 608 (6th ed.1990). Other definitions include "a failure to do what is right," "a wrongdoing of an excusable kind," and "a failure to do something required by law or the doing of something forbidden by law." *Webster's Third New International Dictionary* 829 (1981). Hence, we conclude that the meaning of the word "fault" in the statute·is ambiguous as to whether it includes intentional misconduct.

Therefore, we turn to the legislative history of § 13–21–111.5(1) to ascertain the General Assembly's intent. All the relevant language of the statute was enacted by Colo. Sess. Laws 1986, ch. 108, § 1 at 680 (S.B. 70). During the conference committee debate on S.B. 70, the language of § 13–21–111.5(1) was modified to substitute "action" for "negligence action," and "negligence or fault" was substituted for "negligence" to be consistent throughout the statute. These changes were made in response to concerns that *all* actions for "death or an injury to person or property" should be included, particularly actions arising from gross negligence and products liability. Hearings on S.B. 70 before the Conference Committee, 55th General Assembly, Second Session (April 29, 1986). In light of these circumstances, we conclude that the word "fault" as it appears in the statute was intended to include a broad range of blameworthy conduct, including intentional torts.

■ We therefore hold that § 13–21–111.5(1) is intended to apportion fault, and therefore liability for damages, between defendants, or between defendants and designated non-parties at fault, where one or more of such persons or entities are negligent by failing to use reasonable care to prevent the foreseeable harm resulting from the intentional tort of one or more of the others.

### B.

Because plaintiffs' claims of bad faith breach of insurance contract are inextricably intertwined with their claims for negligence, we must first apply our holding regarding apportionment of damages between negligent and intentional tortfeasors to plaintiffs' negligence claim.

■ Colorado generally recognizes a cause of action in negligence where the defendant failed to take reasonably necessary steps to prevent foreseeable harm resulting from the intentional torts of others. The existence of the duty to prevent such harm is a question of law for the court to determine, while the jury determines if that duty has been breached. *Taco Bell, Inc. v. Lannon,* 744 P.2d 43 (Colo.1987).

■ Here, in ruling on defendant's motions for directed verdicts the trial court correctly determined that defendant owed a duty not to expose the plaintiffs negligently to the risk of the chiropractor's sexual assault. The jury was adequately instructed on negligence and causation and determined that defendant was negligent in exposing plaintiff Julie Slack to that risk but not negligent in exposing plaintiff Jodi Harvey. There is evidence in the record to support those findings.

■ If the defendant elects to designate a non-party at fault, the jury must be instructed to consider all the damages attributable to the defendant and the designated non-party and to allocate those damages based on proportionate fault.

■ Our review of the jury instructions and verdict forms here indicates that the jury was adequately instructed to consider all the damages attributable to the acts of defendant and the non-party chiropractor and properly to apportion fault between them. We therefore hold that the jury's award of damages to plaintiff Julie Slack on her claim of willful and wanton negligence, and the jury's allocation of fault between defendant and the chiropractor, are not erroneous and are supported by the record.

### C.

The Slacks further contend that damages for bad faith breach of an insurance contract should not be apportioned between defendant and the non-party chiropractor because the insurance company's duty of good faith is nondelegable, and that no part of the damages resulting from the breach of that duty are attributable to the non-party chiropractor. Under the circumstances here, we disagree.

■ An insurance company, or an affiliate of an insurance company that processes claims on its behalf, owes a duty of good faith and fair dealing to the insured in handling and processing claims. *Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo.1984); *Barrett v. United Airlines, Inc.,* 697 P.2d 408 (Colo.App.1984).

■ Because the purpose of an insurance policy is to enhance the insured's financial and emotional security, the insurer and the insured have a special relationship that gives rise to the duty of good faith dealing imposed upon the insurer. *Scott Wetzel Services, Inc. v. Johnson,* 821 P.2d 804 (Colo.1991).

In an ordinary claim for bad faith breach of an insurance contract, where the plaintiff seeks damages for the insurance company's bad faith refusal to pay benefits, it would be incongruous for the jury to be instructed to apportion fault to a non-party independent medical examiner. *See Martinez v. Lewis,* 942 P.2d 1219 (Colo.App.1996) (cert. granted Sept. 2, 1997). A co-defendant or a designated non-party at fault cannot be apportioned damages arising out of a claim that could not, in the first instance, have been asserted against it as a defendant.

Here, plaintiffs asserted in the trial court that the claim of bad faith breach was predi-

cated on both defendant's refusal to pay proper claims and for defendant negligently referring them to the chiropractor in bad faith, knowing that he had sexually assaulted others. The jury determined, however, that defendant had not failed to pay any contractual benefits, and plaintiffs do not appeal that determination. Thus, plaintiffs' bad faith claim now rests solely on defendant's negligent referral.

The injuries that plaintiffs allege resulted from defendant's negligent referral are the same regardless of whether the legal theory is willful and wanton negligence, breach of defendant's duty of good faith, or a combination of both. We note that the jury was properly instructed not to award duplicate damages for the same injury on multiple claims. We therefore conclude that the jury awarded what it believed to be the proper damages for the plaintiffs' injuries, whether resulting from defendant's willful and wanton negligence, bad faith breach of an insurance contract, or both. We accordingly affirm the jury's verdicts and award of damages against defendant on plaintiffs' claims of negligence and bad faith breach of an insurance contract.

## II.

Next, the Slacks argue that the trial court erred by not awarding treble exemplary damages. We disagree.

Enhanced exemplary damages, up to three times the amount awarded by the jury, are authorized by statute. Section 13–21–102(3), C.R.S.1998. The court is permitted to enhance the award if:

(a) The defendant has continued the behavior or repeated the action which is the subject of the claim against the defendant in a willful and wanton manner, either against the plaintiff or another person or persons, during the pendency of the case; or

(b) The defendant has acted in a willful and wanton manner during the pendency of the action in a manner which has further aggravated the damages of the plaintiff when the defendant knew or should have known such action would produce aggravation.

Section 13–21–102(3), C.R.S.1998.

Where the statutory language is permissive rather than mandatory in granting authority to the trial court, the trial court's decision is entrusted to its sound discretion. *Callaham v. First American Title Insurance Co.*, 837 P.2d 769 (Colo.App.1992). Acknowledging that the trial court is in a better position to evaluate the conduct of the defendant than we are, we will not on appeal disturb its decision absent an abuse of discretion. *Lazy Dog Ranch v. Telluray Ranch Corp.*, 948 P.2d 74 (Colo.App.1997), *rev'd on other grounds*, 965 P.2d 1229 (Colo.1998) (awarding attorney fees).

The Slacks assert that the trial court abused its discretion by ignoring "uncontroverted evidence demonstrating [defendant's] reckless disregard of [plaintiffs'] rights." The jury did find that the defendant's conduct was "willful and wanton" as a prerequisite to awarding exemplary damages. However, our review of the record does not reveal that the evidence of defendant's continuing course of conduct was uncontroverted, that the trial court ignored it, nor that it is sufficiently compelling on review to justify reversing the trial court's decision. We perceive no abuse of discretion.

## III.

Defendant asserts that, because a loss of consortium claim is derivative of the other spouse's claims, the trial court erred by not reducing the award of compensatory damages on plaintiff Brett Slack's claim by apportioning the award by the relative fault of defendant. We agree.

A loss of consortium claim, whether it is regarded as derivative or not, is an "action brought as a result of a death or an injury to person or property" and plainly falls within the language of the liability apportionment statute. Section 13–21–111.5(1), C.R.S.1998. All those who contributed to the plaintiff's loss of consortium injuries are therefore liable in proportion to their degree of fault for the plaintiff's damages.

We therefore hold that it was error not to instruct the jury to apportion the award of damages to plaintiff Brett Slack on his loss of consortium claim.

Because the loss of consortium damages result from the breach of the same duty as that owed to plaintiff Julie Slack on her successful negligence claim, we conclude that the proper apportionment of fault, and therefore of damages, for the loss of consortium claim is the same as for the negligence claim. Hence, on remand, the trial court should reduce the award of damages to Brett Slack to $2,400, that being 40% of the $6,000 total compensatory damages determined by the jury.

## IV.

Plaintiff Julie Slack asserts in the second appeal that the award of costs in favor of defendant was contrary to statute, and also asserts that numerous of defendant's expenses incurred subsequent to its offers of settlement were improperly awarded to it. We disagree.

When a defendant has made an offer of settlement in compliance with the statute, and the plaintiff ultimately recovers less than the offered sum, the trial court must award to the defendant its post-offer reasonable costs. Section 13–17–202, C.R.S.1998.

The reasonableness of the costs and their amount is a matter within the sound discretion of the trial court, and we will not disturb that determination on appeal absent an abuse of discretion. *Ballow v. PHICO Insurance Co.*, 878 P.2d 672 (Colo. 1994). However, the trial court must hold an evidentiary hearing if the reasonableness of the bill of costs is challenged and must make findings to support its award of costs. *Dunlap v. Long*, 902 P.2d 446 (Colo.App.1995) (hearing on reasonableness required if requested); *Evenson v. Colorado Farm Bureau Mutual Insurance Co.*, 879 P.2d 402 (Colo.App.1993) (finding of reasonableness always required).

Allowable costs include the costs of discovery depositions where the trial court determines they were "reasonably necessary for the development of the case in light of facts known to counsel at the time [they were] taken." *Cherry Creek School District # 5 v. Voelker*, 859 P.2d 805, 813 (Colo.1993).

Here, the trial court held two evidentiary hearings and made findings to support its award of costs to defendant on the claims of plaintiffs. The findings were based on documents and testimony presented by the parties. Plaintiffs and defendant generally objected to the findings and the award of costs.

In reviewing the record, we conclude that the trial court's findings and award of costs are supported by competent evidence and based upon the correct legal standards as set forth in *Cherry Creek School District # 5 v. Voelker, supra; Dunlap v. Long, supra; Evenson v. Colorado Farm Bureau Mutual Insurance Co., supra;* §§ 13–16–122 and 13–17–202, C.R.S.1998; and C.R.C.P. 54(d). Accordingly, we perceive no abuse of discretion.

Plaintiffs also rely on the language of § 13–16–122, C.R.S.1998, to challenge the trial court's award of costs for photocopying, mileage, parking, delivery, long-distance telephone, depositions, airfare for a material witness to appear at a deposition, and expert witness fees. Again, however, we perceive no abuse of discretion.

Section 13–16–122 lists eight types of costs specifically allowed, plus two categories of additional costs allowed on certain conditions. However, that list of allowable costs is not exhaustive but merely illustrative of the costs that courts should consider. The statute does not deprive the trial court of its discretion to award all reasonable costs. *Cherry Creek School District # 5 v. Voelker, supra.*

Nevertheless, plaintiffs further contend that the photocopying, mileage, parking, delivery, and long-distance telephone costs are part of an attorney's overhead and, therefore, are not includible as costs. Plaintiffs, however, misconstrue the meaning of "overhead," which is defined as "administrative or executive costs incident to the management, supervision, or conduct of the ... business" and as "[c]ontinuous expenses of a business" or "general expenditures ... that

cannot be attributed to any one department or product, excluding cost of materials, labor, and selling." *Black's Law Dictionary* 1103–04 (6th ed.1990).

■ So long as the costs are incurred solely for the benefit of the litigation and are not commingled with any of the general costs of doing business or the costs of other litigation, they cannot properly be termed overhead and may be included as costs. *See American Water Development, Inc. v. City of Alamosa,* 874 P.2d 352 (Colo.1994), *cert. denied,* 513 U.S. 1015, 115 S.Ct. 575, 130 L.Ed.2d 491 (1994).

The judgment as to plaintiff Brett Slack is reversed and the cause is remanded with directions to reduce his award of compensatory damages to $2,400 in accordance with this opinion. The judgment is affirmed in all other respects, as is the order awarding costs.

Judge MARQUEZ and Judge DAVIDSON concur.