Linda LOUGHRIDGE, William P. Loughridge, Jerry Hannah, Nancy Hannah, Donna L. Garth, Ronald Hochfield, and Marsha Hochfield, Balaju, L.L.C., a Colorado limited liability company, Dale V. Kesler, Judith A. Kesler, Rosemarie Glas, Christopher W. Congalton, Susan T. Congalton, Claire Beck, Dr. Calvin Daks and Carol Daks, Justine Parker, Howard G. Parker, Janet Sutterley, Randy Kilgore, Sue Taylor, Darrell Taylor, Janet G. Upton and Charles R. Upton, Robert B. Grossman, Gale K. Grossman, Mark A Lathrop, Susan K. Lathrop, Janice C. Meyer, Gary Q. Barnett and Julia Watson Barnett, Robert S. Julian and Corey Bender Mindlin, Addison L. Piper, Richard C. Raczuk, Claudette L. Raczuk, Thomas A. Hardilek, Sandra J. Hardilek, and Fuyu Farms, a Colorado general partnership, Plaintiffs,

v.

GOODYEAR TIRE AND RUBBER COMPANY, an Ohio corporation, and Chiles Power Supply Company, Inc., d/b/a Heatway Radiant Floors and Snowmelting, a Missouri corporation, Defendants.

No. CIV 98–B–1302, 98–B–1884, 98–B–2118, 99–B–227, 99–B–345, 99–B–488, 00–B–388.

United States District Court, D. Colorado.

March 25, 2002.

Brian J. Berardini, Brown, Berardini & Dunning, P.C., Denver, CO, David L. Black, Holland & Hart, LLP, Denver, CO, Neal Keith Dunning, Attorney at Law, Denver, CO, James William Lee Gray, Holland & Hart, LLP, Greenwood Village, CO, Horton Perry Ryon, Maus & Ryon, L.L.P., Evergreen, CO, for plaintiffs.

David L. Lenyo, Matthew C. Ferguson, Garfield & Hecht, P.C., Aspen, CO, Roger P. Thomasch, Stephanie M. Woods, Ballard, Spahr, Andrews & Ingersoll, LLP, Denver, CO, for Goodyear Tire & Rubber Co.

Randall S. Herrick-Stare, Walter Stephen Coursol, Stephen J. Tyde, Jr., Walberg, Dagner & Tucker, P.C., Englewood, CO, Craig A. Marvinney, Michael N. Ungar, Ulmer & Berne, LLP, Cleveland, OH, for Chiles Power Supply Co., Inc.

## MEMORANDUM OPINION AND ORDER

BABCOCK, Chief Judge.

In this diversity action Plaintiffs bring suit in seven consolidated cases under Colorado state law against Defendants Goodyear Tire and Rubber Company ("Goodyear") and Chiles Power Supply d/b/a Heatway Radiant Floors and Snowmelting ("Heatway"). Heatway moves for an *in limine* ruling regarding the applicability of a *pro rata* liability defense to four claims. The motion is adequately briefed and oral argument would not materially aid its resolution. For the following reasons, I grant the motion.

■ The facts of this case are fully set out in *Loughridge v. Goodyear Tire And Rubber Co.,* 192 F.Supp.2d 1175 (D.Colo. 2002) and need not be repeated here.

Heatway requests that I rule that Colorado's comparative fault statutes apply to Plaintiffs' breach of express warranty, breach of implied warranty, fraud, and Colorado Consumer Protection Act claims. Goodyear and Plaintiffs admit that comparative fault concepts are applicable to all claims in tort, but not to claims based in contract. They assert that the four claims addressed by Plaintiffs fall into the "contract" category.

■ Tort obligations generally arise from duties imposed by law. Tort law is designed to protect citizens from the risk of physical harm to their persons or property. Tort duties are imposed by law without regard to any agreement or contract between the parties. Contract obligations, however, arise from promises or agreements made between parties. Contract law is intended to enforce the expectancy interests created by the parties' promises so that the parties may can allocate risks and costs while bargaining. When a contract exists a product's potential nonperformance can be addressed by rational economic actors bargaining at arms length to shape the terms of the contract. *See Town of Alma v. Azco Constr., Inc.,* 10 P.3d 1256, 1262 (Colo. 2000); *Fed. Kemper Life Assurance Co. v. Ellis,* 28 F.3d 1033, 1042 (10th Cir.1994); W. Prosser, Handbook of the Law of Torts § 92 at 613. Thus, fault and comparative fault generally play no part in contract claims. *See, e.g., Kransco v. Am. Empire Surplus Lines Ins. Co.,* 23 Cal.4th 390, 97 Cal.Rptr.2d 151, 2 P.3d 1, 10 (2000); *Klingler Farms, Inc. v. Effingham Equity, Inc.,* 171 Ill.App.3d 567, 121 Ill.Dec. 865, 525 N.E.2d 1172, 1176 (1988).

Heatway argues, however, that this fundamental difference in the two types of actions has been changed by Colorado statutes. Colo.Rev.Stat. § 13–21–111.5(1) states,

[i]n an action brought as a result of ... injury to ... property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss ....

Section 13–21–111.5 was passed by the Colorado General Assembly in 1986 as a part of its tort reform package. *See* Robert E. Benson, *Application of the Pro Rata Liability, Comparative Negligence and Contribution Statutes*, 23 COLO. LAW. 1717, 171 7 (1994). The statutory change that resulted in § 13–21–111.5(1) "was intended to cure the perceived inequity under the common law concept of joint and several liability whereby wrongdoers could be held fully responsible for a plaintiff's entire loss, despite the fact that another wrongdoer, who was not held accountable, contributed to the result." *Barton v. Adams Rental, Inc.*, 938 P.2d 532, 535 (Colo.1997).

Colo.Rev.Stat. § 13–21–111.5(1) applies, by its terms, to an action brought "as a result of a death or an injury to person or property ...." Colorado courts have generally referred to this statute as one applying to tort actions. *See, e.g., Slack v. Farmers Ins. Exch.*, 5 P.3d 280, 282 (Colo. 2000) (interpreting the section to mean that "a *tortfeasor* shall only be liable for damages to the extent of her negligence or fault.") (emphasis added); *Perlmutter v. Blessing*, 706 P.2d 772, 775 n. 2 (Colo.1985) (noting that reference to the phrase "injury or wrongful death" in the Uniform Contribution Among Tortfeasors Act, §§ 13–50.5–101 to –106 refers to the consequence of a tortious act or omission, such as wrongful death). However, Colorado courts have not addressed whether the terms of the statute apply to product liability claims. *See* Robert E. Benson, *Application of the Pro Rata Liability, Comparative Negligence and Contribution*

*Statutes*, 23 COLO. LAW. 1717, 1717 (1994). I therefore must construe the statute.

■■■ A statute must be read and considered as a whole to ascertain the legislative intent and to give consistent, harmonious, and sensible effect to all its parts. *See Vail Assocs., Inc. v. Bd. of Assessment Appeals*, 765 P.2d 593 (Colo.Ct.App.1988). I must adopt the construction that best gives effect to the legislative scheme. *See Water Rights Of Park County Sportsmen's Ranch LLP v. Bargas*, 986 P.2d 262, 268 (Colo.1999). In doing so I must look to the plain meaning of the words employed. *See id.* I construe a statute so as to give effect to every word, and not render any term superfluous. *See Cherry Hills Resort Dev. Co. v. City of Cherry Hills Vill.*, 790 P.2d 827, 830 (Colo.1990). Where the statutory language is clear and unambiguous, I do not resort to other rules of statutory construction. *See Vaughan v. McMinn*, 945 P.2d 404, 408 (Colo.1997). I cannot create an exception to a statute that the plain language does not suggest or demand. *See Scoggins v. Unigard Ins. Co.*, 869 P.2d 202, 205 (Colo.1994) ("We will not judicially legislate by reading a statute to accomplish something the plain language does not suggest, warrant or mandate.").

The pertinent subsection of the statute states, "(1) In *an action* brought as a result of a death or an injury to person or property ...." § 13–21–111.5(1) (emphasis added). The word "action" indicates that the statute is applicable to non-tort claims. The use of the generic "action" is presumed purposeful, particularly because in another section of the same statute the legislature chose the words "tortious act." *See id.* at § 111.5(4) ("Joint liability shall be imposed on two or more persons who consciously conspire and deliberately pursue a common plan or design to commit a tortious act.") Thus, the lawmakers used

a limiting term for specific sections. Most telling, however, is the legislative history of the section:

> All the relevant language of the statute was enacted by Colo. Sess. Laws 1986, ch. 108, § 1 at 680 (S.B.70). During the conference committee debate on S.B. 70, the language of § 13–21–111.5(1) was modified to substitute 'action' for 'negligence action,' and 'negligence or fault' was substituted for 'negligence' to be consistent throughout the statute. These changes were made in response to concerns that *all* actions for 'death or an injury to person or property' should be included, particularly actions arising from gross negligence *and products liability.*

*Harvey v. Farmers Ins. Exch.,* 983 P.2d 34, 38 (Colo.Ct.App.1998) (emphasis added) (citing Hearings on S.B. 70 before the Conference Committee, 55th General Assembly, Second Session (April 29, 1986)), *aff'd sub nom. Slack v. Farmers Ins. Exchange,* 5 P.3d 280 (Colo.2000). Therefore, the General Assembly clearly intended that the statute apply to product liability actions.

Further, Colo.Rev.Stat. § 13–21–406 applies the same principles to product liability actions. There, comparative fault is limited to the defendants in the suit rather than non-parties at fault. That section states in pertinent part,

> In *any product liability action,* the fault of the person suffering the harm, as well as the fault of all others who are parties to the action for causing the harm, shall be compared by the trier of fact in accordance with this section. . . .

Colo.Rev.Stat. at § 13–21–406(1) (emphasis added). Thus, this statute also applies comparative fault liability to product liability actions. Given the plain terms of the statutes and the legislative history, I conclude that *pro rata* liability applies to product liability claims.

■ The question remains, however, as to whether the Plaintiffs' breach of express warranty, breach of implied warranty, fraud, and Colorado Consumer Protection Act claims are "product liability claims" for purposes of § 13–21–111.5(1) and 406(1). Colorado's product liability statutes define product liability action as:

> any action brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of . . . property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product.

Colo.Rev.Stat. § 13–21–401.

■ Plaintiffs' breach of express warranty and breach of implied warranty claims are based on product liability. Plaintiffs are suing as third-party beneficiaries to the contract between Goodyear and Heatway for sale of the hose. *See Loughridge v. Goodyear Tire And Rubber Co.,* 192 F.Supp.2d 1175, 1182–83 (D.Colo. 2002). Plaintiffs allege that their radiant systems were properly installed and covered by the express warranty. However, they allege that the system was defective and failed, and Heatway failed to repair or replace the systems in accordance with the express warranties. *See* First Claim for Relief; Pretrial Order at 4. Likewise, Plaintiffs allege that an implied warranty of merchantability existed regarding the radiant systems installed in their homes. Plaintiffs allege that the hose was not merchantable at the time of sale due to defective design, parts, or materials. *See* Sec-

ond Claim for Relief; Pretrial Order at 4. Thus, the claims are brought against both the manufacturer or seller of products on account of property damage caused by the manufacture, construction, and design of the Entran II. I have already concluded that the Entran II was a "product" for product liability purposes. Comparative fault therefore applies.

Further, application of comparative fault to breach of warranty claims was implicitly approved by the Colorado Court of Appeals in *Zertuche v. Montgomery Ward & Co., Inc.*, 706 P.2d 424, 427 (Colo.Ct.App. 1985). There, the plaintiff cut her heel on a strip of metal on the bottom of a sofa. She brought claims for breach of implied warranty of fitness and strict liability against Montgomery Ward, the seller of the sofa. Wards argued on appeal that the trial court erred in ruling that evidence of plaintiff's comparative negligence could not be presented on the claim of breach of implied warranty. The Court of Appeals affirmed, holding that because the action was filed before the passage of § 13–21–406, the statute was inapplicable. The Court noted that "[p]rior to the enactment of this statute, the defense of contributory negligence did not apply to claims based on breach of warranty." *Id.* (citing *Hensley v. Sherman Car Wash Equip. Co.*, 33 Colo.App. 279, 520 P.2d 146 (1974); *CJI–Civ.* 14:17 (1980) (Notes on Use)). Thus, the Court implied that after the enactment of the statute, the defense of contributory negligence did apply to claims based on breach of warranty.

 Plaintiffs' fraudulent concealment claims lie in tort. *See Mallon Oil Co. v. Bowen/Edwards Assocs., Inc.*, 965 P.2d 105 (Colo.1998). Plaintiffs allege that Goodyear and Heatway fraudulently concealed the fact that the systems and the hose were defective, improperly tested, and unable to perform for the warranty period. *See* Ninth Claim for Relief; Pre-

trial Order at 4. Thus, Plaintiffs plead fraudulent concealment of a product defect resulting in injury to Plaintiffs' property. Therefore, application of the *pro rata* liability statute is appropriate, as Plaintiffs' fraudulent concealment claim is brought as a result of an injury to property. *See* Colo.Rev.Stat. § 13–21–111.5(1).

 Plaintiffs' Colorado Consumer Protection Act claims are brought pursuant to Colo.Rev.Stat. § 6–1–105 *et seq.* Plaintiffs allege that Goodyear and Heatway violated the CCPA by representing the radiant systems and Entran II hose were appropriate for the Plaintiffs' uses and by failing to disclose material facts regarding the systems and hose in order to induce the Plaintiffs to purchase the systems and the hose. *See* Seventh Claim for Relief; Pretrial Order at 4. Plaintiffs' claim alleges that Defendants' deceptive trade practices resulted in their purchase of the defective products and the resulting damage to their properties. Therefore, application of the *pro rata* liability statute is appropriate, as Plaintiffs' CCPA claim is brought as a result of an injury to property. *See* Colo.Rev.Stat. § 13–21–111.5(1).

Accordingly, IT IS ORDERED that:

(1) Heatway's motion for an *in limine* ruling regarding the applicability of Goodyear's *pro rata* liability defense to breach of warranty and other claims is GRANTED.